623 A.2d 397

DANIEL DeJESUS, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (FRIENDS HOSPITAL and Phico Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 15, 1993.

Decided March 11, 1993.

Stanley M. Schwarz, for petitioner.

Victoria S. Maranzini, for respondents.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

NARICK, Senior Judge.

Daniel DeJesus appeals from an order of the Workmen's Compensation Appeal Board (WCAB) that affirmed as modified a referee's decision denying certain medical expenses. We reverse and remand.

DeJesus filed a claim petition, alleging that he sustained a work-related injury on August 16, 1986, while employed as a general laborer for Friends Hospital (Employer). Employer filed an answer, denying all allegations of a work-related injury.

The referee found that DeJesus sustained a work-related injury in the form of a herniated disc at L4–L5 and a lumbar pathology at L5–S1. The referee awarded DeJesus compensation and allowed certain medical expenses. The referee disallowed other medical expenses stating that Employer had successfully challenged the "reasonableness and necessity of medical bills in excess of $10,000." (Referee finding of fact, 21(c)).

DeJesus appealed to the WCAB, arguing that the evidence did not support the referee's finding that Employer had successfully challenged the "reasonableness and necessity of medical bills in excess of $10,000." The WCAB heard argument on this matter in February, 1991 but remanded to the referee to obtain missing transcripts or, in the alternative, to recreate testimony to provide a complete record.

Without reference to having received the additional transcript, the WCAB issued a second order, vacating its remand order and affirming the referee's decision, modifying only finding of fact 17(c). The modification reduced the amount payable to William S. Matura, D.C. The WCAB did not specifically discuss DeJesus' challenge to finding of fact 21(c).

On appeal,[1] DeJesus argues that the WCAB failed to analyze the referee's finding that Employer successfully challenged the medical bills in excess of $10,000. DeJesus asserts this finding is not supported by substantial evidence.[2] DeJesus contends that this is because the referee misinterpreted the final total medical bill from Riverside Medical Center (Riverside).

DeJesus supports this argument by showing that the referee allowed payment for physical therapy charges prescribed by his treating physician, Maurice Romy, M.D., when per-

1. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. 2 Pa.C.S. § 704.

2. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods Co. v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa. Commonwealth Ct. 382, 539 A.2d 11 (1988).

formed by Dr. Matura, but denied payment, also prescribed by Dr. Romy, when performed at Riverside.[3] DeJesus contends that the referee simply looked at the total bill from Riverside Medical Center without considering the various procedures performed. The referee specifically disallowed the diagnostic tests and x-rays as repetitive. The referee did not mention the physical therapy prescribed by Dr. Romy and performed at Riverside, but only stated that Employer successfully challenged the "reasonableness and necessity of medical bills in excess of $10,000."[4] Therefore, DeJesus claims that the referee simply disallowed the physical therapy by mistake, having allowed other physical therapy.

Employer asserts that the referee did not misinterpret the Riverside bill. Employer contends substantial evidence supports the referee's finding of fact 21(c) because the physical therapy performed at Riverside was "unrelated treatment," for which the Employer is not responsible. (Employer Brief at 11).

■ We carefully reviewed the record, especially the medical bills from Riverside (39a–46a). These bills state DeJesus' diagnosis generally as "back injury," or "sciatica." Only once do the forms list as a secondary diagnosis "mandible pain." (43a). Without more information, these diagnoses would appear to relate to DeJesus' work-related injury. Because the referee made no finding concerning the propriety of the physical therapy conducted at Riverside and because Dr. Romy's other prescribed therapy had been allowed, the referee erred. We cannot assume that because the diagnostic tests and x-rays were found to be duplicative that the Riverside physical therapies listed on the same bill are automatically duplicative or unrelated to the compensable injury as Employer suggests. Therefore, we must remand to the WCAB for a specific finding on the physical therapies prescribed by Dr.

3. The physical therapy performed at the two locations were not done concurrently but, covered different periods of time.
4. The Riverside Medical Bill, including diagnostic tests, x-ray, *and physical therapy* is the amount "in excess of $10,000."

Romy at Riverside. Without such a finding, neither the WCAB or this Court can conduct a proper review.

■ Next, DeJesus asserts that the WCAB's reduction of the amount payable to Dr. Matura was also not supported by substantial evidence. DeJesus asserts that the total bill submitted to the referee improperly totalled each treatment. However, DeJesus properly introduced before the referee each treatment date and the charges for each treatment, which the referee correctly totalled and based finding of fact 17(c) upon. DeJesus asserts that had the WCAB received the supplemented record requested in its remand, it would have found the referee had properly calculated the amount due Dr. Matura and such error would not have been made.[5] We agree.

Pursuant to an order of this Court dated September 24, 1992, (72a), the record was supplemented to include the missing medical invoices. Had these invoices been available to the WCAB for its review, its modification of 17(c) would not have been supported by the evidence. Thus, we reinstate referee finding 17(c) because the evidence supports this amount due Dr. Matura.

■ Finally, DeJesus argues that the WCAB erred in affirming the referee's denial of certain diagnostic tests, citing *Adia Personnel Agency v. Workmen's Compensation Appeal Board (Coleman)*, 137 Pa. Commonwealth Ct. 405, 586 A.2d 507 (1991).[6] We do not agree.

*Adia Personnel* concerned an employer's termination petition and petition to review medical expenses. We held that a referee cannot grant a supersedeas as to payment of medical expenses under Section 306(f)(2)(ii) of The Pennsylvania

---

5. DeJesus also claims that neither party challenged this finding and therefore, the WCAB erred in modifying it. However, because of our disposition of this issue, we need not address this argument.

6. Employer argues that DeJesus has waived this argument by failing to present it to the WCAB. While not specifically citing *Adia Personnel*, which had not yet been filed, DeJesus did challenge finding of fact 21(c) which encompasses the diagnostic tests disallowed by the referee and WCAB.

Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 531(2)(ii), because "a policy of cutting medical aid before an adjudication could seriously impair a claimant's right to receive immediate treatment." *Id.* at 408, 586 A.2d at 508. DeJesus argues that such a policy of cutting medical aid before an adjudication is reached would have the same harsh effects in cases involving an initial claim petition.

We acknowledge that a claimant, without medical knowledge or expertise, is somewhat disadvantaged and may not question his physician's orders. However, a claimant must still be aware that an employer, challenging the alleged work-related injury, is not required to pay *all expenses.*[7] Medical expenses must be causally connected to a claimant's compensable injuries to be subject to reimbursement. In cases where causal connection is not obvious, the claimant must prove a causal relationship between the work-injury and medical bills before the employer is required to pay those bills. *Koszowski v. Workmen's Compensation Appeal Board (Greyhound Lines, Inc.)*, 141 Pa. Commonwealth Ct. 253, 595 A.2d 697 (1991). Even if causally related, the claimant must prove that the tests were necessary.

Employer introduced the testimony of J. George Teplic, M.D. Dr. Teplic stated that many of the tests were "superfluous" and "redundant" because DeJesus' diagnosis had been confirmed by the same tests performed earlier. The referee, as fact finder in workmen's compensation cases, has exclusive province over questions of credibility and evidentiary weight, and is free to accept or reject the testimony of any witness, including a medical witness, in whole or in part. *General Electric Co. v. Workmen's Compensation Appeal Board (Valsamaki)*, 140 Pa. Commonwealth Ct. 461, 593 A.2d 921 (1991). Because this finding is supported by substantial evidence, we will not disturb the referee's finding that Em-

7. The referee here, specifically found that Employer's contest of this matter was reasonable under *Daugherty v. Workmen's Compensation Appeal Board (Jones & Laughlin Steel Corp.)*, 97 Pa. Commonwealth Ct. 142, 510 A.2d 147 (1986).

ployer need not pay for the "redundant" diagnostic tests performed at Riverside.

Accordingly, the order of the WCAB is reversed and the case is remanded to reinstate the referee's finding of fact 17(c) and to make a finding as to the necessity of the physical therapy treatments performed at Riverside Medical Center.

## ORDER

AND NOW, this 11th day of March, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed and the case is remanded to reinstate the referee's finding of fact 17(c) and to make a finding as to the necessity of the physical therapy treatments performed at Riverside Medical Center.

Jurisdiction relinquished.