**Marlene BRADEN, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BEACON AUTO PARTS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 7, 1995.

Decided May 24, 1995.

Anita Amato Scaglione, Pittsburgh, for petitioner.

Bruce E. Rende, Pittsburgh, for respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

Claimant Marlene Braden appeals that part of an order of the Workmen's Compensation Appeal Board vacating a referee's award granting claimant recovery of chiropractic expenses which the referee specifically found not to be reasonable and necessary medical expenses. We affirm.

On August 21, 1990, claimant suffered a lumbar sprain and strain when she slipped and fell at her place of work. Claimant filed a claim petition against her employer, Beacon Auto Parts, and employer denied liability. After a hearing, the referee awarded claimant total temporary disability benefits from the date of injury and continuing into the future. The referee found that medical expenses incurred from the date of injury until November 27, 1990 were reasonable, necessary and causally related to the injury. Based on this finding, employer was directed to pay all medical expenses related to that period. The referee then found, as a matter of fact, that chiropractic expenses incurred after November 27, 1990 were not reasonable and not necessary. Nonetheless, the referee ordered employer to pay all chiropractic expenses, including those incurred after November 27, 1990, up and until the date immediately preceding the referee's decision. Employer appealed to the Board.

The Board affirmed the referee's order in so far as it required employer to pay medical expenses found reasonable, necessary and causally related to the work injury. The Board vacated that part of the order requiring employer to pay chiropractic expenses the referee specifically found not reasonable and not necessary (hereinafter "post-November 27, 1990 expenses"). Claimant appealed to this Court.

■ In reviewing a workers' compensation case, our scope of review is limited to determining whether there are any constitutional violations, or errors of law, or whether substantial evidence supports the referee's findings of fact. 2 Pa.C.S. § 704. In a workers' compensation case, claimant has the burden of establishing all the elements necessary to support an award. *Ruhl v. Workmen's Compensation Appeal Board (Mac–It Parts, Inc.)*, 148 Pa.Commonwealth Ct. 294, 611 A.2d 327, *petition for allowance of appeal denied*, 533 Pa. 620, 619 A.2d 701 (1993). To sustain an award for medical benefits, claimant must prove the expenses were reasonable and necessary. *DeJesus v. Workmen's Compensation Appeal Board (Friends Hospital)*, 154 Pa.Commonwealth Ct. 165, 623 A.2d 397 (1993).

■ Claimant contends that she is entitled to payment of the post-November 27, 1990 chiropractic expenses because she proved that a work-related injury occurred. Employer contends claimant did not sustain her burden of proving the reasonableness and necessity of the post-November 27, 1990 chiropractic expenses, and therefore, is not required to cover those expenses. Employer, like the Board, relies on this Court's holding in *Connor v. Workmen's Compensation Appeal Board (Super Sucker, Inc.)*, 155 Pa.Commonwealth Ct. 102, 624 A.2d 757 (1993), whereas claimant cites *Boehm v. Workmen's Compensation Appeal Board (U.P.S.)*, 133 Pa.Commonwealth Ct. 455, 576 A.2d 1163 (1990), and *Kerns v. Workmen's Compensation Appeal Board (Colt Resources, Inc.)*, 149 Pa.Commonwealth Ct. 268, 613 A.2d 85 (1992), in support of her argument.

However, *Boehm* and *Kerns* involve, respectively, a modification petition and a termination petition filed by the employer. The cases stand for the general proposition that it is impermissible for a referee to retroactively terminate the medical benefits previously awarded to an injured worker. *Connor*, likewise, is not controlling because it allows a referee to find a disability exists for a closed period so long as there is substantial evidence to support the finding.

This case involves a litigated claim petition resulting in a referee awarding chiropractic expenses but finding only a portion of those expenses reasonable and necessary. We therefore turn to *DeJesus*.

*DeJesus* involved a litigated claim petition resulting in a referee awarding compensation

but limiting recovery to the medical expenses found reasonable and necessary. The referee determined that some expenses were superfluous and redundant and therefore, not recoverable by claimant. *Id.* at 170, 623 A.2d at 400. Finding substantial evidence supported the referee's decision, this Court essentially reinstated the award of the referee. Like, *DeJesus,* claimant here is unable to prove the post-November 27, 1990 chiropractic expenses were reasonable and necessary. Employer offered the testimony of John W. Lehman, M.D. Dr. Lehman stated that claimant "received an excessive amount of chiropractic treatment, beyond any standards or parameters of medical care." We find there is substantial evidence to support the referee's finding of fact that the post-November 27, 1990 chiropractic expenses were neither reasonable nor necessary.

The Board found the referee committed an error of law in awarding claimant recovery of unreasonable and unnecessary medical expenses. We agree with the Board's result but find that the authority for this action lies not in *Connor* but in *DeJesus.*

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

### *ORDER*

AND NOW, this 24th day of May, 1995, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.