Holly CITTRICH, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (LAUREL LIVING CENTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 16, 1996.
Decided Feb. 11, 1997.

Lester Krasno, Pottsville, for petitioner.

Jonathan C. Ascher, Allentown, for respondent.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

FLAHERTY, Judge.

Holly Beth Cittrich (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a decision of the Workers' Compensation Judge (WCJ) denying Claimant's petition for penalties against Laurel Living Center (Employer) for failure to pay certain medical bills.[1] The issue raised on appeal is whether the WCJ committed an error of law in concluding that Claimant failed to sustain her burden of proving the causal nexus between her psychological problems and her work-related injury when the WCJ found the testimony of Claimant's expert regarding such causation not to be credible.

Claimant worked as a cook for Employer when on November 30, 1989, she sustained a back injury as she turned to exit a walk-in cooler after having pushed a cart into it. After the injury, Claimant received total disability payments pursuant to a notice of compensation payable until June 15, 1991, when she returned to part-time, light duty work as a deli clerk for a different employer. On August 21, 1991, Employer filed a petition for termination of benefits. As of November 22, 1991, Claimant was unable to continue in the light duty position because of persistent lower back pain. Claimant subsequently filed a petition for reinstatement of total disability benefits, as well as a petition for penalties, alleging that Employer refused to pay her medical bills, which include bills for psychological services. The matter was brought before a WCJ, who denied the payment of Claimant's psychological bills on the ground that the testimony of Claimant's physician relating her psychological problems to her work-related injury was not credible; however, the WCJ found that her physician's testimony concerning the continuation of Claimant's disability due to her work-related physical injury was credible. As such, the WCJ denied Employer's petition for termination and granted Claimant's petition for reinstatement of benefits. The Board affirmed the WCJ's decision.[2]

On appeal, Claimant argues that the Board erred in affirming the WCJ's denial of payments for psychological bills, because the WCJ's rejection of the testimony of Claimant's expert regarding the cause of her psychological problems was improper, in light of the fact that the WCJ found his testimony credible in all other respects.

When a claimant alleges that she has incurred *psychiatric* expenses due to a work-related *physical* injury, and there is no obvious causal connection between the condition giving rise to the medical expenses and the injury giving rise to the original disability, the claimant has the burden of proving causation by unequivocal medical testimony. *Buczynski v. Workmen's Compensation Appeal Board (Richardson–Vicks, Inc.)*, 133 Pa. Cmwlth.532, 576 A.2d 421, 423–24 (1990). However, in reviewing the testimony of a medical witness, determinations as to the weight and credibility of conflicting medical testimony are solely for the WCJ as factfinder. *Callahan v. Workmen's Compensation Appeal Board (Bethlehem Steel Corp.)*, 132 Pa.Cmwlth.47, 571 A.2d 1108, 1110 (1990). As such, "the [WCJ] may accept some, none, or all of any medical witness' testimony." *Id.* On appeal, the tribunal must affirm the deci-

---

1. In addition, the WCJ denied Employer's termination petition and granted Claimant's petition to reinstate benefits; however, the parties have not appealed those portions of the WCJ's order to this court.

2. This court's standard of review in a worker's compensation case is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Carnegie Mellon Univ. v. Workmen's Compensation Appeal Board (Lenz)*, 165 Pa.Cmwlth.392, 645 A.2d 389, 391 n.1 (1994), *petition for allowance of appeal denied*, 542 Pa. 675, 668 A.2d 1137 (1995).

sion of the WCJ unless the WCJ's findings are not supported by substantial competent evidence, notwithstanding evidence to the contrary, or the fact that the tribunal might have resolved the conflict differently. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.)*, 70 Pa. Cmwlth.542, 453 A.2d 710 (1982).

Here, on direct examination, Claimant's expert, Dr. Lynch, made a causal connection by relating Claimant's work-related lower back injury and lumbar facet syndrome as the cause of fibromyalgia in the muscles of the cervical and trapezius area, which in turn triggered Claimant's psychological problems. Dr. Lynch testified that fibromyalgia consists of muscle trigger points, tenderness, tightness and a sleep disorder, frequently triggered by the pain, loss of sleep, stress and other emotional and psychological problems associated with an injury to a muscle in persons with a genetic predisposition thereto. Dr. Lynch opined that it was the fibromyalgia which, in turn, caused Claimant to be unable to handle her pre-existing psychological problems.

On cross-examination, Claimant's expert admitted that other causes of Claimant's emotional and psychological overlay were possible, but Dr. Lynch did not change his original opinion. Dr. Lynch did, however, admit that both of Claimant's treating psychologists were attempting to help Claimant with problems which pre-existed and were not related to her work injury, except that such problems changed her from a person able to cope with her preexisting problems to being unable to deal with them. Dr. Lynch further admitted that he was unable to separate what portions of each psychologist's bills were due to treating pre-existing psychologi-

cal problems and what portion was due to the work-related injury.

Employer's expert disagreed with Dr. Lynch's conclusion on both the physical and psychological injuries. He testified that Claimant did not suffer from fibromyalgia at all, that Claimant's psychological and emotional problems pre-existed and were not a result of her work-related physical injury and that Claimant had recovered from her work-related injuries. His testimony was not accepted by the WCJ. The WCJ instead accepted Dr. Lynch's testimony on the physical injuries but, nevertheless, rejected as incredible Dr. Lynch's opinion regarding the cause of Claimant's psychological problems and found that Claimant had not sustained her burden of proof on the bills submitted by the psychologists. As previously stated, the WCJ is the sole judge of credibility, *Callahan*, and the rejection of Dr. Lynch's testimony as incredible regarding the cause of Claimant's psychological problems did not preclude the WCJ from accepting that portion of Dr. Lynch's testimony relating to the continuation of Claimant's physical injury. *Id.*

The record in this case refers to numerous sources of severe non-work-related stresses and problems in Claimant's life that could be responsible for her psychological problems, which were supported only by the testimony of Dr. Lynch, who was not a psychiatrist or psychologist, and were not supported by the testimony of either of her two treating psychologists who did not testify. As such, we find that the Board did not err in affirming the WCJ's conclusion that Claimant failed to meet her burden of proving that her psychological problems were caused by her work-related injury,[3] and that Employer was re-

3. *Bell v. Workmen's Compensation Appeal Board (Allegheny County Housing Authority)*, 152 Pa. Cmwlth.636, 620 A.2d 589 (1993), was not cited by either party. Although *Bell* is also a physical/mental case, it is distinguishable from the instant case because there the referee rejected the unequivocal, uncontested opinion of the claimant's expert on the psychological disability, whereas here, Claimant's expert opinion on such disability was contested by Employer's expert. In addition, the referee in *Bell* focused on Claim-

ant's activities on the date of injury as merely a response to normal or usual working conditions, indicating the claimant's failure to prove abnormal working conditions in a physical/mental case, and thereby imposed a higher burden of proof on the claimant than required in that physical/mental case. · In this case, there appears to be agreement that it is a physical/mental claim with the only real issue being whether Claimant's psychological problems were work-related as a result of the physical injury.

sponsible for payment of the bills for treatment of the psychological problems.[4]

Accordingly, the Board's order is hereby affirmed.

## ORDER

NOW, February 11, 1997, the order of the Workmen's Compensation Appeal Board, No. A95–0674, dated March 6, 1996, is hereby affirmed.

---

**4.** In *Satler v. Department of Transportation, Bureau of Driver Licensing,* 670 A.2d 1205, 1207 (Pa.Cmwlth.1996), this court stated that

[i]t is well settled that *the failure to call an available witness who is within one party's control and who has knowledge pertaining to a material issue, may, if not explained, raise an inference or presumption that the absent witness' testimony would have been adverse to that party.* (Emphasis added.)

As Claimant had the burden of proof here, the failure to call the treating psychologists to testify was significant, especially in view of Dr. Lynch's testimony that they were treating problems which pre-existed the work-related injury and it was their bills which were at issue.