**MASHUDA CORPORATION, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (FERRARI), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 12, 1997.

Decided Jan. 20, 1998.

Michael A. Cohen, Pittsburgh, for petitioner.

No appearance entered for respondent.

Before PELLEGRINI and KELLEY, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Mashuda Corporation (Employer) appeals an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) decision dismissing its appeal and ordering it to pay for all of Catherine Ferrari's (Claimant)[1] medical and physical therapy treatments.

Claimant filed a claim petition alleging that she suffered an injury on April 18, 1991, to her back, right shoulder, neck, head, right arm and right hand while working as an operator engineer. Employer filed an answer denying the allegations and a hearing was held before a WCJ. Based on medical evidence presented at the hearing, the WCJ concluded Claimant had proven she had been injured in the course of her employment on April 18, 1991; was totally disabled from April 27, 1991 through August 5, 1991; and that all benefits were to be terminated effective August 6, 1991, because her disability had terminated as of that date. The WCJ further found that any of Claimant's physical therapy treatments after a four-week period were not reasonable and that she had incurred approximately $10,000 in medical bills. Despite his findings that Claimant's disability terminated effective August 6, 1991, the WCJ ordered Employer to pay all medical bills submitted by Claimant, including bills for medical treatment received after August 6, 1991, as well as all physical therapy treatments he found neither reasonable nor necessary.

Employer appealed to the Board arguing that it was not responsible for Claimant's medical bills after August 6, 1991, the date her disability terminated. The Board affirmed the WCJ's decision relying on this court's holding in Boehm v. Workmen's Compensation Appeal Board (United Parcel Services), 133 Pa.Cmwlth. 455, 576 A.2d 1163 (1990) and finding that Employer was responsible for payment of Claimant's medical bills until the date of the WCJ's order establishing that medical services were not reasonable and necessary for the treatment of Claimant's work-related injury. This appeal by Employer followed.[2]

■ Employer contends that the Board and WCJ erred in relying on Boehm in determining that it had to pay for all medical treatments and physical therapy treatments beyond the date the WCJ found that Claimant's disability had ceased. Unlike a review petition where the employer questions the necessity or reasonableness of medical expenses or a termination petition where the employer has the burden of proving liability has ceased and is responsible for all bills until the date of the WCJ's decision, in a claim petition, claimant has the burden of proving the reasonableness and necessity of those expenses.

Boehm involved an employer that filed a petition for review of claimant's benefits. The WCJ ultimately determined that claimant's disability terminated on June 11, 1986, and granted employer's petition authorizing it to cease paying medical benefits for treatment received after that date. The Board affirmed and on appeal to this court, we remanded the case finding that the WCJ could not authorize the employer to cease paying medical bills prior to the date of the WCJ's decision citing Section 306(f) of the Workers' Compensation Act.[3] That section provides:

> The employer shall have the right to petition the department for review of the necessity or frequency of treatment or reasonableness of fees for services provided by a physician or other duly licensed practitioner of the healing arts. Such a petition shall in no event act as a supersedeas, and during the pendency of any such petition the employer shall pay all medical bills if the physician or other practitioner of the healing arts files a report or reports as required by subparagraph (I) of paragraph (2) of this subsection. (Emphasis added.)

1. Claimant was precluded from filing a brief.

2. Our scope of review is limited to determining whether there are any constitutional violations, errors of law committed, or whether substantial evidence supports the WCJ's findings of fact. 2 Pa.C.S. § 704.

3. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 531(2)(ii).

376

Because Section 306(f) of the Act required employer to pay all medical bills incurred during the pendency of its petition for review, the employer was required to pay claimant's medical bills up until the date of the WCJ's decision.

However, *Boehm* has no application to this case because it does not involve an employer's petition for review of medical expenses under Section 306(f) of the Act, but instead, a claim petition filed by a claimant. In *Braden v. Workmen's Compensation Appeal Board (Beacon Auto Parts)*, 659 A.2d 655 (Pa. Cmwlth.1995), we addressed this specific scenario. In *Braden*, claimant filed a claim petition and the WCJ ordered her employer to pay for chiropractic expenses after November 27, 1990, the date he found them no longer reasonable or necessary up until the date of his order. The employer appealed and claimant cited *Boehm*, arguing that she was entitled to be paid for injuries after November 27, 1990, because she had proven a work-related injury had occurred. The Board reversed and we affirmed stating that *Boehm* was not controlling because that case involved a review petition filed by the employer, while this case involved a claim petition filed by the claimant.

Citing *DeJesus v. Workmen's Compensation Appeal Board (Friends Hospital)*, 154 Pa.Cmwlth. 165, 623 A.2d 397 (1993), we held in *Braden* that claimant's medical expenses had to be causally connected to his compensable injuries as well as necessary to be subject to reimbursement. In *DeJesus*, we explained:

> We acknowledge that a claimant, without medical knowledge or expertise, is somewhat disadvantaged and may not question his physician's orders. However, a claimant must still be aware that an employer, challenging the alleged work-related injury, is not required to pay all expenses. Medical expenses must be causally connected to a claimant's compensable injuries to be subject to reimbursement.

*DeJesus*, 623 A.2d at 400.

Because the evidence in *Braden* supported a finding that the chiropractic expenses were neither reasonable nor necessary as of November 27, 1990, we affirmed the Board's decision.

While the rationale behind *Boehm* is that the employer files a review petition after its liability has already been established, and it is required to pay claimant benefits until a WCJ determines otherwise, the rationale behind *Braden* and *DeJesus* is that the employer's liability has not yet been established because claimant is trying to establish liability by filing a claim petition. As such, there is no reason to require the employer to pay claimant benefits up until the date of the WCJ's decision when the claimant files a claim petition and the WCJ establishes liability for a closed period. Once claimant's disability has terminated, employer is no longer responsible for paying benefits.

■ Here, Claimant filed a claim petition alleging disability. The WCJ relied on the testimony of Employer's medical expert, Michael R. Zernick, M.D., in finding that Claimant had suffered a work injury on April 18, 1991, but had fully recovered as of August 5, 1991, and all disability had ceased as of August 6, 1991. He also relied on Dr. Zernick's testimony that Claimant's physical therapy treatments were excessive and she only needed about three weeks of treatment after the date of her injury to ease her discomfort when finding that her physical therapy treatments after a four-week period were not reasonable nor necessary. Because the evidence of record supports the WCJ's findings that Claimant's disability ceased as of August 6, 1991, and physical therapy treatments in excess of four weeks after she was injured were unreasonable and unnecessary, the WCJ erred by ordering Employer to pay Claimant's unpaid medical bills incurred after August 6, 1991, because Claimant failed to meet her burden.

Accordingly, the decision of the Board is reversed.

### ORDER

AND NOW, this 20th day of January, 1998, the order of the Workers' Compensa-

tion Appeal Board, dated June 18, 1997, is reversed.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1—1041.4; 2501—2626.