**Jonel Witherspoon WATSON, Petitioner**

v.

**WORKERS' COMPENSATION APPEALS BOARD (SPECIAL PEOPLE IN NORTHEAST and Eagle Trust Management), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 15, 2008.

Decided May 30, 2008.

---

**2.** The Pennsylvania Legislature may have the power to clarify the law in this type of case.

Larry Pitt, Philadelphia, for petitioner.

Thomas J. Bailey, Philadelphia, for respondent, Special People in Northeast.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SIMPSON.

Jonel Witherspoon Watson (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed, in part, a decision of a Workers' Compensation Judge (WCJ) awarding Claimant medical benefits for a closed period and litigation costs. The WCJ denied Claimant indemnity benefits. The Board reversed the award of costs, but affirmed in all other respects. On appeal here, Claimant argues the WCJ's necessary determinations are not supported by substantial evidence. She also asserts the Board's order reversing the WCJ's award of litigation costs is contrary to law. Upon, review, we affirm the Board.

Special People in Northeast (Employer), a facility that cares for individuals with mental, physical, or sensory impairment, employed Claimant as a Direct Support Professional. In this position, Claimant provided personal care services, including taking Employer's residents on shopping trips. On February 20, 2006, while shopping for a resident at a Wal–Mart store, several fold-up chairs fell off a shelf and struck Claimant on the head.

Three days later, Claimant filed a claim petition seeking indemnity and medical benefits from the date of injury onward. Employer filed a timely answer admitting Claimant sustained a head contusion in the course of her employment as the result of falling chairs. Employer further agreed to pay necessary and reasonable medical expenses associated with the injury. However, Employer denied Claimant was disabled as a result of the injury. A WCJ hearing ensued.

Claimant testified as follows. On February 20, 2006, in the course of shopping for a resident at a Wal–Mart store, several chairs fell from a high shelf and struck her on the head. Claimant proceeded to Jeanes Hospital for a physical examination, where she received pain medication. The next day, at Employer's request, Claimant went to the Business Health Occupation Medicine Department (BHOMD) at Jeanes Hospital for a second physical examination. The BHOMD released Claimant to return to work; however, Claimant did not return to work.

Claimant also presented the deposition testimony of Dr. John Bowden (Claimant's Physician), who is board-certified in pain management. Based on Claimant's history, physical and neurological examinations, a CAT scan of Claimant's skull, and an x-ray of Claimant's spine, Physician opined Claimant suffers contractile headaches and a post traumatic cervical myoligamentous spinal supporting structure injury. Physician related these conditions to the work incident. Claimant's Physician also opined that as of June 7, 2006, Claimant continued to suffer from these injuries and, as a result, cannot return to her pre-injury job or perform light-duty work.

In opposition, Employer presented the deposition testimony of Dr. Stephanie Y. Koa (Employer's Internist), who is board-certified in internal medicine. She is the

medical director for the BHOMD at Jeanes Hospital and she examined Claimant one day after the work injury. Based on Claimant's history, physical and neurological examinations, and a CAT scan, Employer's Internist opined Claimant sustained a mild injury to the top of her head as a result of the work incident. She further opined Claimant could have returned to work three days after the work injury occurred.

Employer also presented the deposition testimony of Dr. Richard H. Bennett (Employer's Neurologist), who is board-certified in neurology and EMG studies. Employer's Neurologist examined Claimant in June 2006. Based on Claimant's history, physical examination, and medical records, Employer's Neurologist opined Claimant fully recovered from all neurological injuries and required no further medical treatment as of June 20, 2006, the date of his examination.

Upon review, the WCJ found the testimony of Claimant and her Physician credible to the extent they testified a work injury occurred on February 20, 2006; however, the WCJ rejected all testimony indicating Claimant suffered a compensable disability. The WCJ further rejected Claimant's Physician's testimony to the extent he opined Claimant suffers injuries other than a mild injury to the top of the head.

Notably, the WCJ accepted Employer's Internist's diagnoses and opinion that Claimant could return to work three days after the incident. Finally, the WCJ accepted Employer's Neurologist's opinion that Claimant fully recovered as of June 20, 2006. Based on the foregoing, the WCJ: denied indemnity benefits; awarded

medical benefits for the closed period of February 20 to June 20, 2006; and, ordered Employer to reimburse Claimant $3,001.65 in litigation costs.

The parties filed cross appeals with the Board. On review, the Board reversed the award of litigation costs and affirmed in all other respects. Regarding litigation costs, the Board held:

> Costs are recoverable by a claimant when the claimant has succeeded, in whole or in part, in a litigated matter. The WCJ concluded that Claimant met her burden of proof, in part, regarding the Petition, because she proved she sustained an injury to the top of her head even though she failed to prove any associated disability. Thus, the WCJ awarded litigation costs. However, a review of the record reveals that Claimant filed her Claim Petition only three (3) days after the work incident. [Employer] acknowledged a work injury in its Answer, and acknowledged that Claimant was entitled to medical expense payments as a result of the work incident. [Employer] denied any associated disability. Thus, Claimant would have been in the same position had she not so expeditiously filed a Claim Petition. Therefore, in light of the circumstance of this particular matter, we shall reverse the WCJ's award of costs....

Bd. Op., 9/18/2007, at 4–5 (citations omitted). Claimant appealed.

On appeal,[1] Claimant argues the WCJ's decision to deny indemnity benefits is not supported by substantial and unequivocal evidence. She also asserts Employer did not present sufficient evidence to support a termination of medical bene-

---

1. This Court is limited to considering whether substantial evidence supports the WCJ's factual findings, whether an error of law was committed, and whether constitutional rights were violated. *Roadway Express, Inc. v. Workers' Comp. Appeal Bd. (Siekierka)*, 708 A.2d 132 (Pa.Cmwlth.1998).

fits. Finally, since the WCJ awarded medical benefits for a closed period, Claimant asserts she is entitled to litigation costs.

■ Claimant first argues the WCJ's decision to deny indemnity benefits is not supported by the record. Claimant maintains the WCJ's decision to reject her testimonial evidence on this issue is not supported. Claimant also argues Employer's Internist's opinion that Claimant could return to work within three days of sustaining the work injury is equivocal and, therefore, does not support a denial of indemnity benefits.

■ It is well settled that in a claim proceeding the claimant bears the burden of proving all elements necessary for an award. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993). More specifically, a claimant must establish she sustained an injury during the course and scope of her employment and the injury is causally related to the employment. *Delaware County v. Workers' Comp. Appeal Bd. (Baxter Coles)*, 808 A.2d 965 (Pa.Cmwlth.2002). In addition, a claimant must prove the work injury resulted in a disability, that is, wage loss, which continues for the period for which benefits are sought. *Id.*

■ When reviewing witnesses' testimony, determinations as to weight and credibility are solely for the WCJ as fact-finder. *Cittrich v. Workmen's Comp. Appeal Bd. (Laurel Living Ctr.)*, 688 A.2d 1258 (Pa.Cmwlth.1997). A WCJ may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Lombardo v. Workers' Comp. Appeal Bd. (Topps Co., Inc.)*, 698 A.2d 1378 (Pa.Cmwlth.1997). If supported by

substantial evidence, a WCJ's findings are conclusive on appeal, despite the existence of contrary evidence. *Grabish v. Workmen's Comp. Appeal Bd. (Trueform Founds., Inc.)*, 70 Pa.Cmwlth.542, 453 A.2d 710 (1982).

Here, Claimant and her Physician testified the work injury resulted in a continuing disability and ongoing wage loss. However, the WCJ rejected this testimony. WCJ Op., 1/31/2007, Finding of Fact (F.F.) No. 14. In so doing, the WCJ afforded Employer's Internist's opinion that Claimant could return to work *three* days after the injury greater weight. F.F. Nos. 8(c), 9(d). This weight-of-the-evidence determination is not subject to review here. *Cittrich.* Concomitantly, Claimant failed to meet her burden of proving a compensable injury with a disability lasting more than *seven* days.[2]

In addition, Employer's Internist's opinion is unequivocal. Medical evidence is unequivocal as long as the medical expert, after providing a foundation, testifies in his professional opinion he believes or thinks the facts exist. *Cerro Metal Prods. Co. v. Workers' Comp. Appeal Bd. (Plewa)*, 855 A.2d 932 (Pa.Cmwlth.2004). Here, Employer's Internist clearly testified Claimant could return to work three days after the work injury occurred. Reproduced Record (R.R.) at 171a, 173a–74a. This credited testimony supports a determination that Claimant did not suffer a compensable disability. No error is apparent.

■ Next, Claimant maintains the record does not support the WCJ's decision to *terminate* medical benefits as of June 20, 2006. Despite the fact Employer did not file a termination petition, Claimant argues Employer failed to produce sufficient evi-

**2.** Section 306(a) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 511, Schedule of compensation for total disability, states that compensation for total disability begins after the seventh day of total disability.

dence to support a termination of medical benefits.

■ Claimant's arguments notwithstanding, this is a proceeding on a claim petition and, therefore, Claimant maintains the burden of proof to show entitlement to the benefits sought. *See DeJesus v. Workmen's Comp. Appeal Bd. (Friends Hosp.)*, 154 Pa.Cmwlth.165, 623 A.2d 397 (1993). On a claim petition, a claimant carries the burden of proving not only that medical expenses are causally connected to the work injury, but also that they are reasonable and necessary. *See Trafalgar House & St. Paul Fire & Marine Ins. v. Workers' Comp. Appeal Bd. (Green)*, 784 A.2d 232 (Pa.Cmwlth.2001); *Braden v. Workmen's Comp. Appeal Bd. (Beacon Auto Parts)*, 659 A.2d 655 (Pa.Cmwlth.1995); *DeJesus*. This includes demonstrating the ongoing nature of the injury during the period for which medical benefits are sought. *See Trafalgar House.*

Here, the WCJ found Claimant "failed to establish the ongoing nature of her injury on and after June 20, 2006." F.F. No. 14. To that end, the WCJ rejected the testimony of Claimant and her Physician that Claimant requires medical treatment for an ongoing work-related injury. *See* F.F. No. 13. Instead, the WCJ credited Employer's Neurologist testimony. F.F. No. 11. During direct examination of Employer's Neurologist, the following colloquy occurred:

[Employer's Attorney]: Doctor, based upon the history you obtained and the physical examination you performed of [C]laimant, coupled with your review of the records you were sent prior to examining [C]laimant, were you able to formulate an impression within a reasonable degree of medical certainty?

[Employer's Neurologist]: I was.... I was able to discern no objective evidence of neurological or orthopaedic impairment affecting [Claimant].

She appeared to have fully recovered from what may have been a cervical strain and sprain, a self limited condition, but when I saw her she was totally and completely healed of those conditions. There were no signs of impairment or physical abnormalities.

Q: Doctor ... were you able to formulate an opinion within a reasonable degree of medical certainty as to whether or not [C]laimant fully recovered from any and all injuries [she] sustained while employed with [Employer]?

A: Yes. I felt that she had fully recovered and as such she would not require further treatment or additional diagnostic testing.

\* \* \*

Q: Doctor, do you have an opinion within a reasonable degree of medical certainty as to whether or not [C]laimant is in need of any additional medical treatment, physical therapy or chiropractic care?

A: She is not in need of any such treatment.

R.R. at 112a–13a. In short, Claimant did not prove that any post-June 20, 2006 medical treatment is reasonable and necessary. *See Trafalgar House.* Having fully recovered from the head injury, there is no need or reason for Claimant to continue to treat.

■ As a final issue, Claimant argues the Board erred in reversing the WCJ's award of $3,001.65 in litigation costs, which are comprised of the fee for Claimant's Physician (whose testimony was rejected) and transcript costs.[3]

---

**3.** The WCJ specifically found that Employer raised a reasonable contest. WCJ Op.,

1/31/2007, Finding of Fact (F.F.) No. 14. Therefore, Claimant does not recover attor-

Here, Claimant filed a claim petition seeking both medical and indemnity benefits. Employer's responsive pleading acknowledged Claimant sustained a work-related head contusion and accepted liability for all reasonable and necessary medical expenses associated with the injury. In light of this pleading, the parties dispute whether Claimant partially succeeded in the proceedings below.

 Section 440(a) of the Act, which permits an award of litigation costs, states, in relevant part:

In any contested case where the insurer has contested liability in whole or in part, including contested cases involving petitions to terminate, reinstate, increase, reduce or otherwise modify compensation awards, agreements or other payment arrangements or to set aside final receipts, *the employe ... in whose favor the matter at issue has been finally determined in whole or in part shall be awarded,* in addition to the award for compensation, *a reasonable sum for cost incurred for attorney's fee, witnesses, necessary medical examination, and the value of unreimbursed lost time to attend the proceedings....*

77 P.S. § 996 (emphasis added). Litigation costs are warranted when a claimant is at least partially successful before a WCJ. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.),* 873 A.2d 25 (Pa.Cmwlth.2005).

We agree with the Board's determination that Claimant is not entitled to litigation costs. To this end, Employer's responsive pleading to the claim petition admitted Claimant "is entitled to reasonable, necessary medical expenses related to a contusion to the head." R.R. at 4a. Following litigation, the WCJ ordered Employer "to pay all reasonable and nec-

essary medical expenses related to Claimant's February 20, 2006 head injury for treatment incurred from February 20, 2006 through June 20, 2006." WCJ Op. at 13.

Claimant argues that she was successful in establishing her injury as a head concussion as opposed to a head contusion, the condition Employer acknowledged in its answer. She points to the accepted testimony of Employer's Internist. She claims that she established the right to treatment for a concussion rather than for a contusion. For these reasons, Claimant asserts costs should be awarded.

We reject Claimant's arguments on costs for two reasons. First, from a factual perspective, the accepted testimony described the injury as a mild concussion *without* loss of consciousness, with *no* neurologic complaints (such as dizziness, vision complaints, or nausea), with *normal* neurologic findings and with *no* neurologic treatment. F.F. No. 4. Thus, the WCJ found the "Claimant sustained a work injury on February 20, 2006 to *the top of her head* from which she was not disabled beginning February 24, 2006." F.F. No. 10 (emphasis added). As a result, it is impossible to distinguish the described injury from the contusion admitted in the Employer's answer.

Second, because there were no neurologic complaints, no positive neurologic findings and no neurologic treatment, there were no special medical expenses attributable to a concussion which would not be incurred for a contusion. Indeed, Claimant does not assert that the injury description resulted in any financial benefit to her.

In light of the foregoing, Claimant did not prevail on any disputed issue before the WCJ. Stated otherwise, the WCJ

ney's fees. The issue of attorney's fees is not raised on appeal.

awarded Claimant no financial benefit beyond the medical expenses Employer previously agreed to pay. Under these circumstances, Claimant's entitlement to medical benefits does not warrant an award of litigation costs. *Cf. Amoratis v. Workers' Comp. Appeal Bd.* (Carolina Freight Carriers), 706 A.2d 368 (Pa. Cmwlth.1998) (an award of litigation costs is not warranted where a claimant received no financial benefit from litigation).[4]

Based on the foregoing, the Board is affirmed.

### ORDER

AND NOW, this 30th day of May, 2008, the order of the Workers' Compensation Appeal Board is **AFFIRMED.**

4. Claimant alternatively points to the fact Employer did not issue a notice of compensation payable (NCP), medical only NCP, or notice of compensation denial (NCD) pursuant to Section 406.1 of the Act, added by the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. Claimant implies this failure forced her to litigate the compensability of her injuries and, therefore, provides an alternative ground to award litigation costs. We reject this contention for two reasons.

First, the failure to comply with the Act entitles a claimant to attorney's fees *or* a penalty, not litigation costs. *See Transamerican Office Furniture v. Workmen's Comp. Appeal Bd. (Setegna Fanta),* 149 Pa.Cmwlth.95, 612 A.2d 598 (1992). Second, Claimant's act of filing a claim petition only three days after the work injury occurred effectively denied Employer the opportunity to file a NCP, medical only NCP, or NCD.