**Shirley MILLER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COMMUNITY HOSPITAL OF LANCASTER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 30, 1999.

Decided Sept. 2, 1999.

Susan M. Henry, Newtown, for petitioner.

William E. Doyle, Jr., Harrisburg, for respondent.

Before PELLEGRINI, J., FRIEDMAN, J., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

Shirley Miller (Claimant) appeals from an order of the Workers' Compensation Appeal Board (WCAB) affirming the decision of a workers' compensation judge (WCJ) to deny Claimant's review petition and Claimant's petition to set aside final receipt.

On October 1, 1992, Claimant sustained a work-related injury when she was ex-

posed to tuberculosis while in the employ of the Community Hospital of Lancaster (Employer). As a result of her work injury, Employer provided total disability benefits to Claimant pursuant to a notice of compensation payable (NCP).[1]

On December 21, 1993, Claimant filed petitions to modify compensation benefits, reinstate compensation benefits,[2] review compensation benefits and set aside final receipt. In her petition to review compensation benefits, Claimant requested that drug induced lupus be added to the NCP, which only acknowledged tuberculosis, and requested a review of her average weekly wage. In her petition to set aside final receipt, Claimant requested that a supplemental agreement which terminated her compensation be set aside. She alleged that she was not fully recovered at the time she signed that supplemental agreement and, contrary to what the agreement stated, she was not returned to her pre-injury job on July 7, 1993.[3] (R–6a.) Employer filed an answer addressing each of Claimant's petitions.

The record here indicates that, although several hearings were scheduled on this matter, each hearing either was continued or postponed. Thus, no hearing ever took place; no witnesses appeared to offer testimony; and no exhibits were offered by Claimant, Employer or the Bureau of Workers' Compensation. (R–11a.) In a July 16, 1997 decision, the WCJ noted that Claimant, who bore the burden of proof, offered no evidence in support of her petitions. Because Claimant failed to prove by sufficient and competent evidence that she was entitled to any of the relief requested in her petitions, the WCJ denied all four petitions.

Claimant appealed to the WCAB. Requesting a remand for clarification, Claimant asserted that, based on the pleadings, Employer acknowledged that Claimant sustained drug induced lupus as a direct result of her work-related injury. Contrary to Claimant's assertion, the WCAB concluded that statements in Employer's answer did not amount to an admission of Claimant's allegations. Accordingly, in a decision dated February 2, 1999, the

1. On July 13, 1993, Employer issued a notice of compensation denial for Claimant's alleged injury of June 7, 1993. The notice of compensation denial indicated that, while the claim for compensation was denied, an investigation of the matter would continue and, if Claimant's right to compensation were established, she would be paid any amount due and owing. (R–1a; WCJ's Findings of Fact, No. 3.) On July 6, 1993, Claimant returned to her regular job duties without restriction and with no loss of earning power. (WCJ's Findings of Fact, No. 4.) On September 21, 1993, following an investigation demonstrating that Claimant had tuberculosis, Employer issued an NCP accepting liability for Claimant's injury of June 7, 1993, described in the NCP as "Exposure to TB." (R–2a; WCJ's Findings of Fact, No. 5.) Employer issued a corrected NCP on November 3, 1993, reflecting that the actual date of Claimant's injury was October 1, 1992, when Claimant was exposed to tuberculosis. As a result of this change, Claimant's daily rate of compensation should have been $65.00 rather than the $67.85 she actually received. (R–3a; WCJ's Findings of Fact, No. 6.)

2. In her petition to modify compensation benefits, Claimant alleged that at various times

after her return to work in July 1993, she was employed at wages less than those earned at the time of her June 1993 work-related injury, and Employer failed to compensate her for that loss. In her petition to reinstate compensation benefits, Claimant requested reinstatement of her benefits for various periods when she alleged that she was totally disabled as a result of drug induced lupus. Although the WCJ denied these petitions, and the WCAB affirmed that denial, Claimant does not challenge the denial of these petitions on appeal.

3. On September 21, 1993, the same date that Employer issued its NCP, Claimant and Employer entered into two supplemental agreements indicating that Claimant was compensated at $67.85 per day for all periods for which she was entitled to such benefits. (R–4a, 5a; WCJ's Findings of Fact, No. 5.) In the second supplemental agreement, Employer recognized that, on July 6, 1993, Claimant returned to her regular duty job with no restrictions and no loss of earning power. Then, stating that all Claimant's disability had ceased, the supplemental agreement "terminated" Claimant's compensation. (R–4a.)

WCAB affirmed the WCJ. Claimant now appeals to this court.

On appeal, Claimant argues that: (1) the WCJ erred by failing to consider the pleadings as evidence; (2) the WCAB erred by usurping the function of the WCJ by evaluating the evidence rather than remanding to the WCJ for an evaluation; (3) the WCAB and WCJ erred by failing to grant Claimant's review petition where Employer's answer acknowledged that Claimant's lupus was directly related to the treatment for the work injury; and (4) the WCAB and WCJ erred by failing to set aside the supplemental agreement that stated "full recovery," where Employer's answer to the petition acknowledged that the supplemental agreement was in error. We may not consider any of these arguments.

 Claimant bases all of her arguments on her contention that Employer admitted a relationship between Claimant's tuberculosis and her drug induced lupus in the answer to Claimant's petitions. However, even if Claimant's contention is correct, she cannot prevail. In order to take advantage of an admission contained in a party's pleadings, the pleading must be formally offered into evidence.[4] Clearly then, Employer's answer may not be used to carry Claimant's burden of proof because, as stated, no hearing was ever held and none of the pleadings were offered or received into evidence. Therefore, this court has no evidence to consider to determine whether Claimant has established entitlement to any of the relief she requested in her petitions. Accordingly, we must affirm the denial of benefits.

### ORDER

AND NOW, this 2nd day of September, 1999, the order of the Workers' Compensation Appeal Board, dated February 2, 1999, is hereby affirmed.

Judge DOYLE did not participate in the decision in this case.

---

4. The General Rules of Administrative Practice and Procedure provides that in no event, except in the case of a noncontested proceeding, may the pleadings in a Commonwealth agency proceeding be considered as evidence of fact, other than that of the filing thereof, unless offered and received in evidence under this part. 1 Pa.Code § 35.125(d)(2). The corresponding workers' compensation regulation is not inconsistent with this rule. *See* 34 Pa.Code § 131.52(c) (stating that the pleadings may not be placed into evidence by the WCJ.)