WILLIAM J. DONOVAN SHEET
METAL and the PMA Insurance
Group, Petitioners,

v.

WORKERS' COMPENSATION
APPEAL BOARD (McCol-
lum), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 11, 2001.

Decided Dec. 4, 2001.

David Thomas Latoff, Blue Bell, for petitioners.

Larry Pitt and Lisa A. Lesh, Philadelphia, for respondent.

Before DOYLE, President Judge, SMITH, J., FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

William J. Donovan Sheet Metal Company (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) granting the Claim Petition filed by Terrence McCollum (Claimant). We affirm.

On January 14, 1999, Claimant filed a Claim Petition alleging that he sustained an "injury to neck, upper back, left shoulder, right arm, left arm and numbness in both hands" on October 23, 1998 while working for Employer and that this injury forced him to stop working on November 10, 1998. Claimant further alleged that "as a result of the cumulative effects of my work duties, I developed bilateral carpal tunnel syndrome with neck and upper back injuries" and asserted that he was seeking total disability benefits from the date of the alleged injury to "ongoin [sic]." [1] The Claim Petition listed the insurance carrier as "unknown." On March 29, 1999, the Claim Petition was assigned to the WCJ. On May 21, 1999, Employer filed a late Answer denying the allegations set forth in Claimant's Claim Petition.

A hearing was held before the WCJ on May 12, 1999. However, Employer's attorney was not present. The only evidence admitted into the record by Claimant's attorney was the contingent fee agreement.

By decision and order dated June 4, 1999, the WCJ found that because Employer failed to file a timely Answer, all the material allegations in Claimant's Claim Petition were admitted by Employer. Accordingly, the WCJ granted Claimant's Claim Petition. Employer appealed to the Board, which affirmed the decision of the WCJ. This appeal followed.[2]

Employer argues that: 1) the WCJ erred by granting the Claim Petition when

1. We interpret this to mean that Claimant was seeking ongoing disability benefits for his physical injuries after the date of the alleged work-related injury.

2. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corp. v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

no evidence was admitted on behalf of Claimant except for the contingent fee agreement; 2) the WCJ failed to issue a reasoned decision; 3) it failed to file a timely Answer or appear at the hearing because its insurance carrier was not named on the "Assignment of Petition(s) to a Workers' Compensation Judge" (Notice of Assignment) or Notice of Hearing even though Claimant's attorney knew that Employer's insurance carrier was the PMA Insurance Group when he filed the Claim Petition; 4) the averments in Claimant's Claim Petition cannot support an award of benefits because Claimant was not employed by Employer on November 10, 1998, which is the day Claimant alleges in the Claim Petition that his injury forced him to stop working.

■ With regard to Employer's argument that its insurance carrier was not named on the Notice of Assignment, it is well settled that the failure to file an answer to a claim petition within twenty days constitutes an admission of the facts alleged in that petition. In *Manolovich v. Workers' Compensation Appeal Board (Kay Jewelers, Inc.)*, 694 A.2d 405, 407–408 (Pa.Cmwlth.1997), this Court held that "[a]n employer, which has been properly notified of a claim, cannot ignore that claim and its duty to defend merely because the employer assumes that its insurance carrier has been properly served; such a result would produce unwarranted multiple, inconsistent litigation and appeals within the Board's jurisdiction. This type of tactical advantage and gamesmanship by employers and insurance carriers would frustrate the intent of our General Assembly to establish an efficient system of processing and adjudicating Workers' Compensation claims." Therefore, the fact that an employer's insurance carrier was not served with a petition is not an "ade-

quate excuse" for failing to file an answer within twenty days as required by Section 416 of the Act, because once the employer is properly served by the Department of Labor and Industry, Bureau of Workers' Compensation, the insurance carrier cannot claim that it was not notified of the claim. *Id. See also Heraeus Electro Nite Company v. Workmen's Compensation Appeal Board (Ulrich )*, 697 A.2d 603 (Pa. Cmwlth.1997).

Therefore, we reject Employer's argument that the WCJ erred by granting the Claim Petition when the insurance carrier was not listed on the Notice of Assignment. Pursuant to *Manolovich* and *Heraeus*, notice to Employer was sufficient. As to Employer's argument that Claimant's attorney knew that PMA was Employer's insurance carrier, Employer has presented no evidence to support this allegation.

■ Next, Employer argues that there is no evidence of record to support the grant of Claimant's Claim Petition because Claimant failed to offer the Claim Petition into evidence. In a claim petition proceeding, the claimant bears the burden of proving that he suffers from a work-related injury that occurred in the course and scope of his employment and that the injury results in a loss of earning power. *Inglis House v. Workmen's Compensation Appeal Board (Reedy )* 535 Pa. 135, 634 A.2d 592 (1993).

Section 416 of the Workers' Compensation Act (Act) [3] provides that:

Within twenty days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its workers' compensation judge an answer in the form prescribed by the department.

**3.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2606.

Every fact alleged in a claim petition not specifically denied by an answer so filed by any adverse party shall be deemed to be admitted by him. But the failure of any party or of all of them to deny a fact alleged in any other petition shall not preclude the workers' compensation judge before whom the petition is heard from requiring, of his own motion, proof of such fact. If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, *the workers' compensation judge hearing the petition shall decide the matter on the basis of the petition and evidence presented.*

77 P.S. § 821 (emphasis added). *See also Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 56 Pa. Cmwlth. 1, 423 A.2d 1125 (1981).

■ Initially, we note that in *Heraeus,* this Court interpreted the claimant's allegation of disability from "3–23–92 to present" as alleging an ongoing disability and held that "Employer's failure to file a timely answer only admitted facts, such as the work injury and the resultant disability alleged, up to the last day the answer could have been timely filed. Employer had every opportunity to prove events that may have occurred after the period when the late answer should have been filed, such as, changes in disability." *Id.* at 609. In the case *sub judice,* Claimant also alleged that he was seeking ongoing disability benefits. Thus, Employer was permitted to present evidence regarding any change in Claimant's disability after the period when the late answer should have been filed.

In *Miller v. Workers' Compensation Appeal Board (Community Hospital of Lancaster),* 737 A.2d 830, 832 (Pa. Cmwlth.1999), this Court held that, because a claimant failed to admit employer's answers into evidence, there was no "evidence" of the employer's alleged admissions that it ceased paying the claimant benefits and thus there was no evidence to support a finding that employer unilaterally ceased making compensation payments. We based our decision on the General Rules of Administrative Practice and Procedure, which provide that "[i]n no event, *except in the case of a noncontested proceeding,* may the pleadings be considered as evidence of fact other than that of the filing thereof unless offered and received in evidence .... under this part." 1 Pa.Code § 35.125(d)(2) (emphasis added). The corresponding workers' compensation regulation, entitled First Hearing Procedures, provides that "[t]he [workers' compensation judge] shall place in evidence as Bureau exhibits current Bureau documents with the same injury date and pertaining to the same claim, with the exception of the Employer's Report of Occupational Injury or Disease and *pleadings of the parties.*" 34 Pa.Code § 131.52(c) (emphasis added).[4]

Additionally, in *Sanders v. Workers' Compensation Appeal Board (Marriott Corporation),* 756 A.2d 129 (Pa.Cmwlth. 2000), the claimant filed a Reinstatement Petition alleging that the employer ceased paying her compensation benefits. The employer specifically denied this allegation. However, claimant did not testify that the employer ceased paying her benefits or produce any other evidence to support this allegation. When the workers' compensation judge issued the decision, he did not make a specific finding of fact

---

4. "Subsections (a)—(e) supersede 1 Pa.Code §§ 35.101—35.106, 35.111—35.116 and 35.121–35.128. Subsection (c) supersedes 1 Pa.Code §§ 35.164 and 35.167 (relating to documents on file with agency; and records in other proceedings)." 34 Pa.Code § 131.52(f).

regarding whether the employer ceased making payments or not. Relying on our decision in *Miller*, this Court held that "if the WCJ had made a finding that Employer ceased making payments, the record being devoid of any evidence whatsoever in this regard, such a finding would be without substantial evidence in support thereof. Although Claimant alleged in her reinstatement petition that Employer ceased payment of benefits .... *we note that petitions are not evidence until formally offered and admitted into evidence. See,* e.g., 34 Pa.Code § 131.52(c)." *Id.* at 133 (emphasis added).

■ Employer argues that because Claimant failed to offer the Claim Petition into evidence there was nothing in the record upon which the WCJ could base an award of compensation benefits. We agree that, pursuant to *Sanders* and *Miller*, petitions must be offered into evidence if they are to be used as proof that, for example, a party violated the Act or that it admitted the causal relationship between an injury and a claimant's employment. However, the failure to file a timely answer to a claim petition presents a unique situation. In those cases, the workers' compensation judge shall, pursuant to Section 416 of the Act "decide the matter on the basis of the **petition** and evidence presented." In these cases, the facts alleged in the claim petition are uncontested because the employer has failed to filed a timely answer, and the employer is deemed to have admitted those facts as a result of its late answer up to the last day the answer could have been timely filed, if the claimant is seeking ongoing disability benefits. If the facts pled in that petition

are sufficient to meet the claimant's burden of proof and the employer fails to present any evidence that the claimant's disability has changed after the last day when the late answer could have been filed, the workers' compensation judge may properly grant benefits based on the facts alleged in the claim petition. *Heraeus*, 697 A.2d at 609. The presentation of evidence by the claimant is unnecessary. This result is consistent with Section 416 of the Act, the General Rules of Administrative Practice and Procedure and the First Hearing Procedures in workers' compensation proceedings.

■ Therefore, the fact that Claimant did not formally offer the Claim Petition into evidence is of no consequence. The WCJ properly granted the Claim Petition based on the facts alleged therein and subsequently admitted as a result of Employer's failure to file a timely Answer and its failure to appear at the hearing, despite proper notice, and present evidence as to Claimant's disability after the last day when the answer should have been filed.[5]

Accordingly, the order of the Board is affirmed.

### ORDER

AND NOW, December 4, 2001, the order of the Workers' Compensation Appeal Board docketed at A99–2136 and dated December 15, 2000 is hereby AFFIRMED.

---

5. As to Employer's argument that Claimant was not working for Employer on November 10, 1998, the Claim Petition alleges that Claimant sustained an injury during the course of scope of his employment with Employer and that this injury caused him to experience a loss of earning power. These allegations are sufficient to support and award of benefits, and the fact that Claimant was working for a different employer on the day his injury caused him to stop working is irrelevant.