**Madeline PRYOR, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (COLIN SERVICE SYSTEMS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 2006.

Filed Dec. 19, 2006.

Ordered for Publication June 5, 2007.

Richard A. Jaffe, Philadelphia, for petitioner.

Andrew E. Greenberg, Norristown, for respondent.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this workers' compensation case in which a termination was granted, the claimant complains the fact-finder ignored the outcome of a later but related proceeding, challenges the competence of accepted medical testimony, and challenges the refusal to grant petitions she filed. In particular, Madeline Pryor (Claimant) asserts the Workers' Compensation Judge (WCJ) erred by granting a termination petition after an impairment rating evaluation (IRE) found her 5% permanently impaired. In addition, she contends the WCJ's decision is neither reasoned nor supported by competent evidence. Claimant further maintains the WCJ erred by denying her penalty petition, petition to review notice of compensation and petition

to reinstate benefits. Discerning no merit in Claimant's contentions, we affirm.

Claimant worked as an office cleaner for Colin Service Systems (Employer). In September 2001, she sustained a work injury in the nature of a low back sprain/strain. Employer issued a notice of compensation payable (NCP) accepting the work injury.

Subsequently, Employer filed a termination petition asserting Claimant fully recovered from the work injury as of December 2001. Claimant thereafter filed petitions to review medical treatment, review compensation and reinstate benefits. She also filed a petition for penalties, alleging Employer refused to pay medical expenses and to pre-approve treatment at a pain clinic. Litigation ensued.[1]

Employer presented the testimony of Dr. Anthony Salem (Employer's Medical Expert), who conducted an independent medical examination (IME) of Claimant on December 19, 2001. Based on his examination and review of Claimant's history and medical records, Employer's Medical Expert opined Claimant sustained only a low back sprain/strain in September 2001. Employer's Medical Expert further concluded Claimant's work injury did not aggravate her long-standing degenerative disc disease. In addition, Employer's Medical Expert determined Claimant fully recovered from the work injury and no longer needs treatment. The WCJ found Employer's Medical Expert credible.

In opposition, Claimant testified on her own behalf. She acknowledged two prior back injuries but claimed the work injury differed from those injuries because she experienced radiating leg pain after the work injury. Claimant further stated she returned to work for one hour in January 2002 but left due to pain. She denied the ability to return to her pre-injury position. The WCJ found Claimant not credible, finding the record "replete with inconsistencies ... [b]etween [Claimant's] testimony and the histories provided to health care providers." WCJ's Op., Finding of Fact (F.F.) No. 16.

Claimant also presented the testimony of Dr. Guy M. Fried (Claimant's Physician). Based on his examinations of Claimant and review of her medical records, Claimant's Physician diagnosed disc disease, sciatica, positive straight leg raising, back radiculitis, and chronic pain, all related to the work injury. He recommended treatment at a pain clinic. The WCJ rejected Claimant's Physician's testimony because he failed to review Claimant's MRI films and was unaware of one of Claimant's prior back injuries.

Accordingly, the WCJ granted Employer's termination petition and dismissed all of Claimant's petitions. The Workers' Compensation Board (Board) affirmed.

On appeal,[2] Claimant contends the WCJ erred by terminating benefits because a November 2003 IRE determined she is 5% permanently impaired. She further maintains the WCJ's decision is neither reasoned nor supported by competent evidence. Finally, Claimant asserts the WCJ erred by denying her various petitions. In response, Employer filed a motion to exclude references to the IRE and a motion to quash the appeal in part on the

---

1. Employer also filed a suspension petition alleging Claimant failed to pursue a job offer in good faith. The WCJ's order terminating Claimant's benefits, however, rendered the petition moot.

2. We are limited to determining whether the necessary findings of fact were supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated. *Mora v. Workers' Comp. Appeal Bd. (DDP Contracting Co., Inc. & Penn Nat'l Ins.)*, 845 A.2d 950 (Pa.Cmwlth.2004).

ground Claimant waived any argument pertaining to the competency of Employer's Medical Expert. Pa. R.A.P.1972(5). We address these arguments.

## I.

■ Claimant first contends the WCJ erred by terminating benefits as of December 2001 where a November 2003 IRE concluded she is 5% permanently impaired. Since the IRE found her permanently impaired to some degree, Claimant contends, the WCJ cannot terminate benefits. She asserts Section 306(a.2) of the Workers' Compensation Act (Act)[3] fails to provide a mechanism whereby an insurer may seek to prove a claimant fully recovered from a work injury subsequent to a determination of permanent impairment. Rather, once a claimant is found permanently disabled, benefits may be modified only to reflect an increase or decrease in the impairment rating, rendering a claimant eligible for either total or partial disability. Claimant argues there is no provision allowing for a termination of benefits once permanent impairment is found.

Employer seeks to exclude references to the IRE on the ground it was not admitted during the course of the WCJ proceedings. We agree; the absence of the IRE in the certified record is fatal to Claimant's position.

In September 2003, Claimant requested the WCJ close the record. Notes of Testimony (N.T.), 9/17/03, at 22. In an October 2003 interlocutory order, the WCJ granted Claimant's request. Subsequently, Employer filed an IRE report in mid-November 2003 with the Bureau of Workers' Compensation. *See* 34 Pa.Code § 123.105(c). Neither the WCJ nor the Board addressed the IRE in their decisions.

The Rules of Appellate Procedure provide the record on appeal from a determination of a government unit consists of the order sought to be reviewed, the findings or report on which the appeal is based, and the pleadings, evidence and proceedings before the government unit. Pa. R.A.P. 1951. It is a fundamental rule of appellate review that the court is confined to the record before it, excluding matters or facts asserted in briefs. *McCaffrey v. Pittsburgh Athletic Ass'n,* 448 Pa. 151, 293 A.2d 51 (1972); *Andracki v. Workmen's Comp. Appeal Bd. (Allied E. States Maint.),* 96 Pa.Cmwlth.613, 508 A.2d 624 (1986).

Here, although Employer filed the IRE with the Bureau, it did not properly become part of the record because it was not admitted into evidence. *Cf. Miller v. Workers' Comp. Appeal Bd. (Cmty. Hosp. of Lancaster),* 737 A.2d 830 (Pa.Cmwlth. 1999) (in order to take advantage of a party's pleadings, the pleading must be formally offered into evidence); 34 Pa. Code § 131.52(f) (parties shall provide WCJ with all documents required to be filed with the Bureau and that are relevant to issues in dispute. The WCJ may not introduce employer's report of occupational injury or disease into evidence). Because the IRE was not admitted into the record, we may not consider it. *McCaffrey.*

■ In addition, the record lacks any evidence Claimant sought to reopen the record for the purpose of admitting the IRE. A WCJ has the discretion to reopen

---

**3.** Act of June 2, 1915, P.L. 736, *as amended, added by* the Act of June 24, 1996, P.L. 350, 77 P.S. § 511.2. Section 306(a.2) generally provides that where an employee has received total disability compensation for 104 weeks, upon request by the insurer, the employee shall undergo a medical examination to determine the degree of impairment due to the compensable injury, if any. The examination must be requested within 60 days of expiration of the 104 weeks of benefits.

the record once closed. *Sherrill v. Workmen's Comp. Appeal Bd. (Sch. Dist. of Phila.),* 154 Pa.Cmwlth.492, 624 A.2d 240 (1993). Similarly, Claimant did not petition the Board for rehearing alleging it failed to consider the IRE in its determination. Section 426 of the Act, 77 P.S. § 871.

Accordingly, because the IRE at issue was not formally admitted into evidence and because Claimant failed to pursue the methods available to obtain its inclusion, we grant Employer's motion to exclude reference to the IRE on appeal. Consequently, this Court has no evidence Claimant is permanently impaired due to the work injury, *Miller,* and no basis to consider whether a petition to terminate is barred upon a finding of permanent impairment.

## II.

Next, Claimant contends the WCJ's decision is neither reasoned nor supported by competent evidence. We find no merit in either contention.

## A.

▆▆▆ Claimant first contends the WCJ's decision is not reasoned because the WCJ failed to render findings regarding an April 2003 psychological pain evaluation.[4] Section 422(a) of the Act[5] requires the WCJ to issue a "reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decisions...." 77 P.S. § 834. A decision is "reasoned" if it allows for adequate review by the appellate courts under the applicable review standards. *Acme Mkts., Inc. v. Workers' Comp. Appeal Bd. (Brown),* 890 A.2d 21 (Pa.Cmwlth.2006). Furthermore, the "reasoned decision" requirement does not require the WCJ to discuss all evidence presented; rather, the WCJ must make findings that are necessary to resolve the issues presented by the evidence and that are relevant to the decision. *Dorsey v. Workers' Comp. Appeal Bd. (Crossing Constr. Co.),* 893 A.2d 191 (Pa.Cmwlth. 2006).

Here, the absence of findings relating to the psychological pain evaluation does not deprive this Court of effective appellate review. Notably, Claimant's Physician referred Claimant for evaluation as a prerequisite to admission in a pain clinic. Employer's Ex. 5. As discussed later in this opinion, Claimant's Physician recommended a pain clinic for treatment of alleged disc disease, a condition unrelated to the work incident. Because the WCJ denied Claimant's petition to review compensation to expand the injury description, the evaluation purporting to establish Claimant's need for treatment was not relevant to the WCJ's determination. Thus, the WCJ did not commit error.

## B.

▆▆▆ Claimant further contends the WCJ's decision is not supported by competent evidence. Specifically, Claimant contends Employer's Medical Expert's testimony is incompetent because he did not have a complete understanding of her medical history (including mechanism of

---

**4.** Because we grant Employer's motion to exclude references to the IRE, we need not address Claimant's argument the WCJ's decision is not reasoned because it failed to include findings regarding the IRE. In addition, Claimant further suggests the WCJ's decision is not reasoned because Finding of Fact No. 7 referred to a June 2002 automobile accident.

However, Claimant acknowledged a June 2000 accident, and the WCJ referred to the same accident in Finding of Fact No. 14 as occurring in June 2000. Clearly, Claimant complains of a typographical error.

**5.** *Added by* the Act of July 2, 1993, P.L. 190.

the work injury) and failed to perform common tests upon examination. In response, Employer seeks to quash the appeal in part, maintaining Claimant waived the issue by not submitting her objection in writing before the record closed. 34 Pa.Code § 131.66.

Initially, we find Claimant properly preserved the issue for review. Claimant raised the issue of competency in her appeal to the Board. She reasserted the issue in her petition for review. Pa. R.A.P. 1513(d). Employer's motion to quash is therefore denied.

■ Reviewing the merits, we first observe a determination of whether certain medical evidence is competent is a conclusion of law reviewable on appeal. *Dillon v. Workers' Comp. Appeal Bd. (City of Phila.)*, 853 A.2d 413 (Pa.Cmwlth.2004), *petition for allowance of appeal denied*, 582 Pa. 703, 871 A.2d 194 (2005). Competency, when applied to medical evidence, is merely a question of whether a witness's opinion is sufficiently definite and unequivocal to render it admissible. *Cerro Metal Prods. v. Workers' Comp. Appeal Bd. (Plewa)*, 855 A.2d 932 (Pa.Cmwlth.2004), *petition for allowance of appeal denied*, 582 Pa. 678, 868 A.2d 1202 (2005).

■ In addition, a medical expert's opinion is not rendered incompetent unless it is based solely on inaccurate information. *Am. Contracting Enters., Inc. v. Workers' Comp. Appeal Bd. (Hurley)*, 789 A.2d 391 (Pa.Cmwlth.2001). Moreover, "[t]he fact that a medical expert does not have all of a claimant's medical records goes to the weight given the expert's testimony, not its competency." *Marriott Corp. v. Workers' Comp. Appeal Bd. (Knechtel)*, 837 A.2d 623, 631 n. 10 (Pa.Cmwlth. 2003).

Claimant's arguments are specious. Employer's Medical Expert testified he knew of Claimant's prior back injuries and he reviewed Claimant's medical records. He explained all of Claimant's back injuries were sprain/strains regardless of their mechanism. In addition, Employer's Medical Expert identified the tests he performed during the IME. These matters go to evidentiary weight, which is within the WCJ's discretion. *Knechtel.* Upon review of Employer's Medical Expert's testimony as whole, we conclude it provides competent evidence upon which the WCJ could render the necessary findings.

### III.

In her final arguments, Claimant contends the WCJ erred by denying her petition for penalties, petition to review compensation, and petition to reinstate benefits. We disagree.

### A.

■ Claimant first contends the WCJ erred by concluding Employer did not violate the Act. Employer violated the Act, Claimant maintains, when it failed to "pre-approve" treatment at a pain clinic recommended by her Physician. Employer defends its action by claiming the treatment is not causally related to the work injury.

■ Section 435 of the Act [6] permits the imposition of penalties for a violation of the Act or its rules and regulations. However, the imposition and the amount of penalties are within the sound discretion of the WCJ. *Dworek v. Workmen's Comp. Appeal Bd. (Rangar Benson, Inc. & Nat'l Union Fire Ins. Co.)*, 166 Pa.Cmwlth.512, 646 A.2d 713 (1994). Particularly relevant here, an employer that unilaterally stops paying a claimant's medical bills based solely on causation assumes the risk of exposure to penalties contingent upon a WCJ's ruling the medical expenses are

6. *Added by* the Act of February 8, 1972, P.L. 25, 77 P.S. § 991.

causally related to the work injury. *Listino v. Workmen's Comp. Appeal Bd. (INA Life Ins. Co.)*, 659 A.2d 45 (Pa.Cmwlth. 1995).

Here, Claimant's argument that she required treatment at a pain clinic rests on the testimony of her Physician. Indeed, Claimant's Physician recommended the pain clinic to treat Claimant's "disc disease with pain which persisted secondary to a work injury." Depo. of Guy M. Fried, M.D., 2/6/02, at 19, 24. Claimant's Physician, however, testified to injuries not contained in the NCP. Importantly, the WCJ denied Claimant's petition to review compensation to include additional injuries, including disc disease with pain secondary to the work injury.

Here, the NCP was not expanded to include disc disease; therefore, Employer had no responsibility to pre-approve medical treatment for a condition unrelated to the work injury. *See Cittrich v. Workmen's Comp. Appeal Bd. (Laurel Living Ctr.)*, 688 A.2d 1258 (Pa.Cmwlth.1997). Although Employer assumed the risk of penalties if the WCJ expanded the NCP, *Listino*, it successfully challenged the causal relationship between the treatment sought and the work injury. Thus, Employer did not violate the Act. As such, the WCJ properly denied Claimant's penalty petition.[7]

### B.

 Next, Claimant contends the WCJ erred by denying her petitions to review compensation and to reinstate benefits. Because resolution of these issues rests on the WCJ's credibility determinations, we address the issues together.

Claimant first suggests the NCP should be expanded to include as work injuries disc disease with pain secondary to the work injury, sciatica, positive straight leg raising, back radiculopathy, and chronic pain. As support, Claimant refers to the psychological pain evaluation and her Physician's testimony.

Claimant's further argues she is entitled to a reinstatement of benefits because Employer failed to offer light duty work after January 2002. As support, Claimant points out she returned to work for one hour in early January 2002, left due to pain, and was then restricted to light duty. Employer, Claimant contends, failed to offer work within her restrictions any time thereafter. According to Claimant, the WCJ capriciously disregarded this evidence.

 At the outset, we note, a review for capricious disregard of material

---

7. *McLaughlin v. Workers' Compensation Appeal Board (St. Francis Country House)*, 808 A.2d 285 (Pa.Cmwlth.2002), on which Claimant relies, does not compel a different result. In that case, while a termination petition was pending, employer refused to pre-approve recommended surgery. Consequently, claimant filed a utilization review petition as well as a penalty petition. A WCJ denied the termination petition based on claimant's credible evidence and granted the penalty petition because employer failed to request utilization review. We affirmed the imposition of penalties, holding that once the right to medical benefits is established, an employer may cease payment only where there is a final receipt, agreement by the parties, supersedeas, or any

other order authorizing such action. *Id.* Absent such authority, the employer must continue to make payments while challenging the claimant's entitlement to benefits. *Id.*

*McLaughlin* is distinguishable on two grounds. First, the WCJ in that case rejected employer's evidence that claimant fully recovered. Here, the WCJ accepted Employer's Medical Expert's testimony that Claimant fully recovered from her work injury. Second, the WCJ here accepted Employer's evidence Claimant sustained only a back sprain/strain and did not suffer additional injuries as a result of the work incident. As previously noted, Employer is not liable for medical expenses unrelated to the work injury. *Cittrich.*

competent evidence is an appropriate component of appellate consideration in every case in which the question is properly brought before the Court. *Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe)*, 571 Pa. 189, 812 A.2d 478 (2002). Where the WCJ's findings reflect a deliberate disregard of competent evidence that logically could not have been avoided in reaching the decision, the findings represent a capricious disregard of competent evidence. *Higgins v. Workers' Comp. Appeal Bd. (City of Phila.)*, 854 A.2d 1002 (Pa.Cmwlth.2004). A WCJ is not required to accept uncontradicted testimony as true; however, where such evidence is rejected, the WCJ must explain his reasons for doing so. *Farquhar v. Workmen's Comp. Appeal Bd. (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987).

▇ Here, Employer had the initial burden of proof. To terminate benefits, Employer needed to demonstrate either Claimant's disability ceased or any current disability arises from a cause unrelated to the work injury. *Campbell v. Workers' Comp. Appeal Bd. (Antietam Valley Animal Hosp.)*, 705 A.2d 503 (Pa.Cmwlth. 1998). The WCJ here accepted as credible Employer's Medical Expert's testimony that Claimant's work injury consisted *solely* of a low back sprain/strain from which she completely recovered as of December 19, 2001. F.F. Nos. 10, 15. The WCJ accepted Employer's Medical Expert's testimony Claimant's other conditions were related to her long-standing degenerative disc disease. *Id.* Accordingly, Employer sustained its burden of proof through the competent and credible testimony of its Medical Expert. F.F. No. 15.

▇ Once Employer met its burden of proof on the termination petition, in order to reinstate benefits, the burden shifted to Claimant to demonstrate a causal connection between her current condition and the prior work injury. *Taylor v. Workers' Comp. Appeal Bd. (Servistar Corp.)*, 883 A.2d 710 (Pa.Cmwlth.2005). Claimant must establish her disability increased or recurred after the date of the prior award and that her physical condition changed in some manner. *Id.*

Claimant, however, failed to meet her burden. The WCJ rejected Claimant's Physician's testimony that Claimant has not fully recovered from her work injury and that she sustained injuries in addition to those acknowledged in the NCP. He further indicated his reasons for rejecting Claimant's Physician's testimony: failure to review MRI films and ignorance of Claimant's prior back injuries. F.F. No. 14. *Farquhar.* By rejecting Claimant's Physician's testimony as not credible, the record lacks evidence to support expansion of the NCP or to reinstate benefits. *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 574 Pa. 61, 828 A.2d 1043 (2003) (the WCJ, as fact finder, possesses sole authority over witness credibility and evidentiary weight).[8]

Accordingly, we affirm.

---

8. Claimant further suggests Employer's Medical Expert's opinion regarding the pain clinic is based on facts not of record and is inconsistent with her Physician's explanation of the pain management program. Relying on *Noverati v. Workmen's Compensation Appeal Board (Newton Squire Inn)*, 686 A.2d 455 (Pa. Cmwlth.1996), Claimant suggests Employer's Medical Expert's testimony is worthless.

 *Noverati* is inapposite. In that case, the employer's medical expert opined during claim proceedings that the claimant's disability was unrelated to the work injury. A WCJ rejected the expert's testimony. Subsequently, the employer sought to suspend claimant's benefits and offered the same expert's testimony. Significantly, the expert did not testify as to a change in the claimant's condition after the award of benefits. We held the employer's offer of proof on the suspension petition impermissibly attempted to relitigate

### ORDER

AND NOW, this 19th day of December, 2006, the order of the Workers' Compensation Appeal Board is **AFFIRMED.** In accordance with the foregoing opinion, Colin Service Systems' Motion to Exclude Reference to the Impairment Rating Evaluation is **GRANTED,** and its Motion to Quash is **DENIED.**

the issue of whether claimant sustained a work injury.

In this case, there are no "established" facts regarding the treatment at the pain clinic. Rather, Employer's Medical Expert expressed his opinion regarding the effectiveness of such programs. Depo. of Anthony Salem, M.D., 8/7/02, at 24.