# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Wilson, : 
                   : 
            Petitioner : 
                   : 
           v. : No. 605 C.D. 2017
                   : Submitted: September 29, 2017
Workers' Compensation Appeal : 
Board (Pennsylvania Turnpike : 
Commission), : 
                   : 
            Respondent : 


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**                     **FILED:  November 22, 2017**

Edward Wilson (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ) denying his petition to reinstate compensation benefits under the Workers' Compensation Act (the Act)[1] and granting the petition of the Pennsylvania Turnpike Commission (Employer) to terminate compensation benefits.  We affirm.

On March 19, 2003, Claimant sustained a work-related injury to his neck and lower back in the course of his work for Employer as a toll collector

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

when he tripped over a concrete barrier and fell forward onto his knees and face. (2016 WCJ Decision Finding of Fact (F.F.) ¶¶3, 9.) Employer accepted this injury by an Agreement for Compensation for Disability or Permanent Injury, describing the work injury as strains and sprains to the cervical and lumbar spine. (*Id.* F.F. ¶3; Claimant Ex. 3, 2013 WCJ Decision F.F. ¶2, Reproduced Record (R.R.) at 25a.) Claimant returned to work in 2006 after being out of work for three years. (2016 WCJ Decision F.F. ¶9; 5/21/14 Hearing Transcript (H.T.) at 3-4, R.R. at 40a-41a.) On September 21, 2006, a WCJ issued a decision terminating benefits for Claimant's low back injury on the ground that he had recovered from that injury and expanding the description of Claimant's cervical injury to include discogenic cervical radiculopathy on the left side with the main focus on the left-side level C6 nerve distribution, degenerative disc disease, and cervical arthropathy with paravertebral spasm. (2016 WCJ Decision F.F. ¶¶3, 5; Claimant Ex. 3, 2013 WCJ Decision F.F. ¶¶2, 20, R.R. at 25a-27a, 33a-34a.)

Claimant fell again at work on May 3, 2010, and sustained another work injury for which he was out of work and received benefits. (2016 WCJ Decision F.F. ¶6; Claimant Ex. 3, 2013 WCJ Decision F.F. ¶3, R.R. at 27a.) On November 1, 2011, a second WCJ issued a decision terminating Claimant's benefits for the 2010 injury but concluding that he had not recovered from and remained disabled by the 2003 injury. (2016 WCJ Decision F.F. ¶7; Claimant Ex. 3, 2013 WCJ Decision F.F. ¶3, R.R. at 27a.) Claimant returned to work on January 14, 2012 and his benefits were suspended. (2016 WCJ Decision F.F. ¶4; 5/21/14 H.T. at 4, R.R. at 41a; Claimant Ex. 3, 2013 WCJ Decision F.F. ¶4, R.R. at 28a.) On March 27, 2014, Claimant stopped working. (2016 WCJ Decision F.F. ¶¶8, 10; 5/21/14 H.T. at 5, R.R. at 42a.)

2

On April 2, 2014, Claimant filed a reinstatement petition, alleging that his condition had worsened and that he was no longer able to work as a result of pain from the March 19, 2003 work injury. Employer contested the reinstatement petition and, on February 27, 2015, filed a termination petition, asserting that Claimant had recovered from his March 19, 2003 work injury as of August 13, 2014. The reinstatement petition and termination petition were consolidated for decision. The WCJ held an evidentiary hearing at which Claimant testified and also received testimony by trial deposition of three witnesses: Dr. Sofia Lam, an anethesiologist with a subspecialty in interventional pain management who had treated Claimant for his March 19, 2003 work injury since 2003; Dr. Christian Fras, an orthopedic surgeon who examined Claimant on behalf of Employer; and Claimant's supervisor.

Claimant testified that in March 2014 the pain from his March 19, 2003 work injury became too great for him to continue working and that he gave Employer a note from Dr. Lam that he could not return to work. (5/21/14 H.T. at 5, R.R. at 42a.) Dr. Lam opined, based on her treatment and examinations of Claimant, that Claimant's March 19, 2003 work injury had worsened in March 2014, that he had not recovered from that injury, and that he was no longer able to work as a result of the worsening of the injury. (Claimant Ex. 1, Lam Dep. at 16-31, R.R. at 74a-89a.) Dr. Fras opined, based on his examination of Claimant and his review of Dr. Lam's records, that Claimant's condition had not worsened, that he was able to work without restrictions at his toll collector job and that he had recovered from all of his accepted work injuries. (Employer Ex. 1, Fras Dep. at 24-31, R.R. at 148a-155a.) Dr. Fras testified that in his examination, Claimant showed symptom magnification and complained of pain and symptom patterns that

3

were not anatomically or physiologically plausible and that the tests he conducted showed no objective evidence of Claimant's accepted work injuries. (*Id.* at 8-10, 14-18, 28, R.R. at 132a-134a, 138a-142a, 152a.) Dr. Fras further testified that Dr. Lam's medical records did not show any worsening of Claimant's condition. (*Id.* at 18-24, 28-29, R.R. at 142a-148a, 152a-153a.) Employer's supervisor testified that Claimant did not complain of any inability to do his job due to the March 19, 2003 work injury at any time after he returned to work in January 2012 and that he complained of problems with his knees. (Employer Ex. 2, Coyne Dep. at 8-11, R.R. at 202a-205a.) Both Claimant and his supervisor testified that Claimant had received disciplinary action and had been suspended for two days shortly before he stopped working. (5/21/14 H.T. at 12-14, R.R. at 49a-51a; Employer Ex. 2, Coyne Dep. at 11-15, R.R. at 205a-209a.)

On October 6, 2015, the WCJ issued a decision denying Claimant's reinstatement petition and granting Employer's termination petition. Claimant appealed this decision to the Board. In a decision issued August 22, 2016, the Board held that the WCJ did not make sufficient findings concerning the credibility of the witnesses and the termination petition and remanded the case to the WCJ to reconsider the evidence and make additional findings. (2016 Board Decision at 5-7.)

On remand, the WCJ issued a decision on November 18, 2016 making additional findings and again denying Claimant's reinstatement petition and granting Employer's termination petition. The WCJ found that Claimant's testimony concerning his reason for stopping work and his inability to work was not credible, noting that his claim that his pain had worsened was not substantiated by his medical records. (2016 WCJ Decision F.F. ¶8.) The WCJ found the

4

testimony of Dr. Fras credible and found the testimony of Dr. Lam less credible and persuasive, basing this determination on several grounds: that Dr. Fras had greater medical expertise than Dr. Lam, that Dr. Fras's opinion that Claimant's pain had not worsened was consistent with the medical records and Dr. Lam's opinion was not, and that Dr. Fras conducted a more comprehensive examination of Claimant than Dr. Lam. (*Id.*) The WCJ accordingly held that Claimant had not met his burden of proof on his reinstatement petition and that Employer had satisfied its burden on the termination petition of proving that Claimant had recovered from his March 19, 2003 work injury. (*Id.* F.F. ¶¶32, 37, 40, Conclusions of Law ¶¶3, 4.) Claimant appealed, and on May 4, 2017, the Board affirmed. This appeal followed.[2]

Claimant argues that the WCJ erred in not finding that he was unable to work due to pain from the work injury and in finding that he had recovered from the work injury. These contentions are without merit. The evidence was conflicting: Claimant presented unequivocal medical testimony from Dr. Lam that Claimant was unable to work and had not recovered from his work injury and Employer presented unequivocal medical testimony from Dr. Fras that he had recovered and was able to work without restriction. The WCJ found Dr. Fras's testimony credible and rejected Dr. Lam's testimony as less credible and less persuasive. In addition, the WCJ rejected as not credible Claimant's testimony that his pain had worsened and that he was unable to work.

---

[2] Our review is limited to determining whether an error of law was committed, whether the WCJ's necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 947 n.1 (Pa. Cmwlth. 2010).

5

Determination of the credibility of witnesses is the prerogative of the WCJ, not the role of the Board or this Court. *Furnari v. Workers' Compensation Appeal Board (Temple Inland)*, 90 A.3d 53, 59-60, 70 (Pa. Cmwlth. 2014); *Gann v. Workers' Compensation Appeal Board (MBS Management/Wellington East Development)*, 792 A.2d 701, 704 (Pa. Cmwlth. 2002). The WCJ has exclusive province over questions of credibility and evidentiary weight, and may accept or reject the testimony of any witness, including medical experts, in whole or in part. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003); *Furnari*, 90 A.3d at 59, 70; *Anderson v. Workers' Compensation Appeal Board (Penn Center for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010).

The WCJ's credibility determinations here were supported by the record and well within her discretion. Because Dr. Fras and Dr. Lam did not testify in person before her, the WCJ was required to explain the reasons for her credibility determinations concerning those witnesses. *Daniels*, 828 A.2d at 1052-53; *Amandeo v. Workers' Compensation Appeal Board (Conagra Foods)*, 37 A.3d 72, 76 (Pa. Cmwlth. 2012). The WCJ in her 2016 decision fully and adequately explained her reasons for finding Dr. Fras credible and for rejecting Dr. Lam's testimony. The fact that Dr. Lam was Claimant's treating physician does not change this. While a WCJ may give greater credence to a treating physician's testimony, that is merely a factor that the WCJ may weigh in assessing credibility; the WCJ is not required to find a treating physician credible or more credible than a non-treating medical expert. *Anderson*, 15 A.3d at 945, 948-49; *Williams v. Workmen's Compensation Appeal Board (Montgomery Ward)*, 562 A.2d 437, 441 n.6 (Pa. Cmwlth. 1989). As this Court aptly stated in *Anderson*, "Claimant

6

essentially asks this Court to reweigh the evidence. This Court will not do so." 15 A.3d at 949.

It was Claimant's burden on the reinstatement petition to prove that his earning power was adversely affected by his March 19, 2003 work injury. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 558 (Pa. 2010); *Anderson*, 15 A.3d at 948. Given the WCJ's credibility determinations, Claimant could not meet his burden of proof and denial of the reinstatement petition was required regardless of any other evidence or factual or legal issues in the case. *Anderson*, 15 A.3d at 948; *Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2006). On the termination petition, the burden of proof was on Employer to show either that Claimant's disability ceased or that any current disability arises from a cause unrelated to the work injury. *Pryor*, 923 A.2d at 1205; *Jackson v. Workers' Compensation Appeal Board (Resources for Human Development)*, 877 A.2d 498, 502 (Pa. Cmwlth. 2005). Because Employer presented unequivocal medical testimony that Claimant has fully recovered from his accepted work injuries and the WCJ found that testimony credible, Employer sustained its burden of proof and the WCJ properly granted the termination petition. *Pryor*, 923 A.2d at 1205; *Jackson*, 877 A.2d at 502-03.

For the foregoing reasons, we conclude that the WCJ committed no error in denying Claimant's reinstatement petition or in granting Employer's termination petition. Accordingly, the order of the Board is affirmed.

_____
JAMES GARDNER COLINS, Senior Judge

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edward Wilson,                          :
                                        :
               Petitioner               :
                                        :
        v.                              :   No. 605 C.D. 2017
                                        :
Workers' Compensation Appeal            :
Board (Pennsylvania Turnpike            :
Commission),                            :
                                        :
               Respondent               :

# **O R D E R**

AND NOW, this 22nd day of November, 2017, the order of the Workers' Compensation Appeal Board in the above matter is AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge