# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leopoldo Parra Hernandez,     :
             Petitioner     :
                            :
          v.               :    No. 1016 C.D. 2018
                            :    Submitted: December 28, 2018
Workers' Compensation Appeal     :
Board (Kodak, LLC and Uninsured    :
Employers Guaranty Fund),       :
            Respondents   :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                 HONORABLE P. KEVIN BROBSON, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**               **FILED: March 1, 2019**

       Leopoldo Parra Hernandez (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of a Workers' Compensation Judge (WCJ). The WCJ awarded Claimant specific loss benefits under Section 306(c) of the Workers' Compensation Act,[1] but denied Claimant's petition seeking indemnity benefits in addition to the specific loss benefits.[2] Upon review, we affirm the Board's order.

---

[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §513(c).

[2] Other issues raised before the Workers' Compensation Judge (WCJ) and the Workers' Compensation Appeal Board (Board), including fees imposed for unreasonable contest and the payment obligations of the Uninsured Employers Guaranty Fund (UEGF), are not before this Court.

## I. Background

In December 2015, Claimant sustained a crush injury to his right index finger in the course of his employment with Kodak, LLC (Employer).[3] Reproduced Record (R.R.) at 249.[4] He also sustained tuft fractures[5] to the tips of the third and fourth fingers of his right hand. Id. After an attempt to repair the injury to the index finger failed, Claimant underwent amputation of his index finger at the middle joint. Id.

Claimant filed a claim petition seeking total indemnity benefits beginning on the date of injury.[6] R.R. at 4.

___

[3] Because Employer failed to carry any workers' compensation insurance, Claimant also filed a claim petition with the UEGF. Reproduced Record (R.R.) at 249. No distinction between Employer and UEGF is at issue on appeal. Therefore, this opinion treats both as "Employer" for purposes of the legal analysis herein.

[4] Claimant did not comply with Pa. R.A.P. 2173, which requires numbering of the pages in the reproduced record as 1a, 2a, etc. We use Claimant's numbering here for consistency.

[5] Andrew B. Sattel, M.D. (Employer's Medical Expert) explained tuft fractures, which are common injuries seen on a daily basis:

> Basically, that's a little crack in the tip of the distal phalanx. You get your fingertip caught in a door, a window, whatever else, or the tip in the lawnmower or whatever it may be. A tuft fracture simply refers to a chip in the very tip of that distal phalanx. Those injuries we basically treat with either a bandage or briefly a splint. Those injuries we don't worry about. They typically heal with full recoveries.

R.R. at 180-81.

[6] Claimant also filed a separate review petition seeking to expand the nature of his injuries. R.R. at 250. The issues raised in the review petition apparently include Claimant's averments that he suffers from depression and anxiety arising from the amputation. See id. at 257. The WCJ issued his decision on the claim petition without prejudice to any issues being litigated in relation to the review petition. Id. at 250.

Employer presented the deposition testimony of its medical expert, Andrew B. Sattel, M.D. (Employer's Medical Expert), who is certified by the American Board of Orthopedic Surgery with a Certificate of Added Qualification for surgery of the hand. R.R. at 172. Claimant testified both live and by deposition. However, Claimant offered no testimony from a medical expert. Instead, Claimant relied on the testimony of Employer's Medical Expert, contending that testimony would satisfy Claimant's burden of proof. See id. at 72, 75, 90, 96. Although Claimant submitted medical records and a report from his treating physician, the WCJ admitted that evidence only to the extent it corroborated the opinion of Employer's Medical Expert. Id. at 96, 98, 250. Claimant does not challenge the limited admission of that evidence.

Employer's Medical Expert conducted an independent medical examination (IME) of Claimant in October 2016. R.R. at 173. At that time, Claimant was taking no medications, including pain medications, in relation to his injuries. Id. at 175. He had some residual sensitivity in his right index finger at the amputation site, but no hypersensitivity. Id. at 184. Employer's Medical Expert testified that with an amputation injury such as Claimant's, varying degrees of sensitivity may remain in the tip of the affected finger, and there will generally be an ongoing need to shield the tip of the finger to minimize that sensitivity for purposes of work. Id. at 177.

Employer's Medical Expert opined that Claimant reached maximum medical improvement, although not a full recovery. Id. at 188. Claimant can perform light to medium duty work. Id. He may not be able to tolerate using

3

vibrating tools or power tools.  Id.  Some sensitivity to cold may occur, which may subside over time.  Id.  Employer's Medical Expert also noted some strength deficit in Claimant's right hand compared to his left hand, which was normal with an amputation.  Id. at 187.

Concerning Claimant's third and fourth fingers, Claimant testified he had ongoing pain in those fingers, sometimes extending up his arm as far as his elbow.  Id. at 56-57.  However, Employer's Medical Expert opined that Claimant fully recovered from the tuft fractures.  Id. at 189.  Had they been Claimant's only injuries, the tuft fractures might have justified modified duty work for a couple of weeks, but would have required "minimal downtime."  Id.  Those injuries were "a nonissue" and did not cause any separate disability or loss of work.  Id.  During the IME, Claimant did not complain of any pain in his third and fourth fingers, nor did he complain of any pain radiating from those fingers to his forearm or elbow.  Id. at 190.  The IME "did not produce any pain or tingling or referred discomfort" relating to those fingers.  Id.

The WCJ credited the opinion of Employer's Medical Expert as persuasive and not refuted by any opposing medical evidence submitted by Claimant.  Id. at 250.  The WCJ awarded specific loss benefits relating to the partial amputation of Claimant's right index finger, including 50 weeks of compensation and an additional 6 weeks for a healing period, for a total of 56 weeks of compensation.  R.R. at 249.  The WCJ acknowledged the tuft fractures of Claimant's third and fourth fingers as separate injuries, but concluded "the injury to the index finger was the significant operative basis for ensuing disability following the work

incident, in contrast to the 'separate' work injuries." R.R. at 250. Accordingly, the WCJ declined to award Claimant any workers' compensation benefits for a separate disability. Id.

Claimant appealed to the Board, which affirmed those portions of the WCJ's decision awarding specific loss benefits and denying total indemnity benefits. Notably, the Board specifically rejected Claimant's argument that the WCJ capriciously disregarded unrebutted evidence. R.R. at 270. Claimant then petitioned for review to this Court.[7]

## II. Issue

Claimant's sole argument before this Court is that the WCJ capriciously disregarded unrebutted evidence demonstrating Claimant's entitlement to total disability benefits arising from injuries separate from the injury to his index finger.[8] R.R. at 312. Claimant acknowledges that the WCJ's decision "did summarize all of the evidence presented." Pet'r's Br. at 11. However, he contends the WCJ capriciously disregarded testimony of Employer's Medical Expert that satisfied his burden of proof. Claimant further asserts that the opinion of Employer's Medical Expert was equivocal.

---

[7] Our review is limited to determining whether the WCJ's findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.), 176 A.3d 1045 (Pa. Cmwlth.) (en banc), appeal denied, 189 A.3d 385 (Pa. 2018).

[8] In his petition for review, Claimant identified a second issue concerning whether the Board fully and adequately addressed the issues Claimant raised in his appeal to the Board. R.R. at 282. However, he briefed only the issue of capricious disregard of evidence. Therefore, his second issue is waived. Scrip v. Seneca, 191 A.3d 917 (Pa. Cmwlth. 2018).

### III. Discussion

The WCJ is the ultimate finder of fact in workers' compensation cases, with exclusive province over determinations of credibility and weight of the evidence. Grimm v. Workers' Comp. Appeal Bd. (Fed. Express Corp.), 176 A.3d 1045 (Pa. Cmwlth.) (en banc), appeal denied, 189 A.3d 385 (Pa. 2018). The WCJ may accept or reject the testimony of any witness, including an expert witness, in whole or in part. Id.

We view the evidence in the light most favorable to the prevailing party and give that party the benefit of all inferences reasonably deducible from the evidence. Id. This Court's inquiry is not whether the record contains evidence that would support findings other than those made by the WCJ, but whether there is substantial evidence to support the findings actually made. Id. Thus, if the record in its entirety contains evidence that a reasonable person would find sufficient to support the WCJ's findings, we must uphold those findings on appeal. Id.

### A. Specific Loss and Separate Disability

An injured worker who suffers a specific loss of use of a body part may not receive workers' compensation benefits beyond specific loss compensation, even if the specific loss also results in loss of earning capacity. Crews v. Workers' Comp. Appeal Bd. (Ripkin), 767 A.2d 626 (Pa. Cmwlth. 2001). However, a claimant may receive additional compensation if he incurs a loss of earning capacity separate from his specific loss. Id. A compensable separate loss of earning capacity may occur where a work-related injury causes a specific loss, then later causes disability to a separate part of the body. Id. Alternatively, it may occur where a single work-related incident causes multiple separate and distinct injuries. Id.

6

A claimant alleging that the same injury caused both a specific loss and a separate disability must prove the separate disability is both a direct result of the specific-loss injury and a separate result not normally following from such an injury. Id. Similarly, a claimant alleging multiple separate injuries from a single incident must prove a disability separate and apart from the specific-loss injury. Id. Notably, the separate loss a claimant must prove "does not include pain, annoyance, inconvenience, disability to work, or anything normally resulting from the permanent injury." Sch. Dist. of Phila. v. Workmen's Comp. Appeal Bd. (Pittman), 603 A.2d 266, 268 (Pa. Cmwlth. 1992).

Here, Employer's Medical Expert testified Claimant fully recovered from his tuft fractures. R.R. at 189. Any residual strength deficit in Claimant's right hand, and any sensitivity at the amputation site, were causally connected to, and a normal result of, the amputation of Claimant's index finger. Id. at 187-89. There was nothing in the record showing a causal connection between the tuft fractures and any disability. See R.R. at 250 (WCJ found injury to index finger, not injuries to other fingers, caused disability).

## B. Capricious Disregard of Evidence

According to Claimant, the WCJ noted Claimant's failure to present expert medical testimony, but neglected to acknowledge that Claimant could also meet his burden through reliance on Employer's evidence. Thus, Claimant argues the WCJ capriciously disregarded evidence from Employer's Medical Expert that satisfied Claimant's burden of proof.

7

A party alleging a capricious disregard of evidence must demonstrate that the WCJ deliberately or baselessly disregarded apparently trustworthy evidence. Grimm. The WCJ capriciously disregards evidence where his findings "'reflect a deliberate disregard of competent evidence that logically could not have been avoided in reaching the decision ….'" Edwards v. Workers' Comp. Appeal Bd. (Epicure Home Care, Inc. & State Workers' Ins. Fund), 134 A.3d 1156, 1162 (Pa. Cmwlth. 2015) (quoting Pryor v. Workers' Comp. Appeal Bd. (Colin Serv. Sys.), 923 A.2d 1197, 1205 (Pa. Cmwlth. 2007)). Where the WCJ considers evidence, but rejects it as not credible or assigns it less weight than conflicting evidence, that determination does not constitute a capricious disregard of the rejected evidence. Grimm. Further, where there is substantial evidence in support of the WCJ's findings, and those findings support the WCJ's legal conclusions, this Court will rarely disturb those findings and conclusions on the basis of a capricious disregard of evidence. Id. (citing Leon E. Wintermyer, Inc. v. Workers' Comp. Appeal Bd. (Marlowe), 812 A.2d 478 (Pa. 2002)).

Claimant correctly asserts that he did not have to submit his own evidence to satisfy his burden of proof, but could rely on Employer's evidence to support his claim petition. See SKF USA, Inc. v. Workers' Comp. Appeal Bd. (Smalls), 728 A.2d 385 (Pa. Cmwlth. 1999). However, to the extent the WCJ erred in failing to expressly consider Claimant's right to satisfy his burden of proof using Employer's evidence, any such error was harmless. As discussed in the next section, Employer's evidence failed to support Claimant's allegation of a separate disability arising from the tuft fractures of his third and fourth fingers.

8

## C. Medical Testimony

In a claim petition proceeding, the claimant bears the burden of proving all of the elements necessary to support an award, including any disability and a causal connection between that disability and the work injury. Sw. Airlines v. Workers' Comp. Appeal Bd. (King), 985 A.2d 280 (Pa. Cmwlth. 2009). Where the causal connection is not obvious, the claimant must establish it by unequivocal medical testimony. Id.

Expert medical testimony is unequivocal where the medical expert provides a foundation and testifies that in his professional opinion, he believes or thinks a fact exists. Kimberly Clark Corp. v. Workers' Comp. Appeal Bd. (Bromley), 161 A.3d 446 (Pa. Cmwlth. 2016), appeal denied, 174 A.3d 1027 (Pa. 2017). Whether medical evidence is equivocal is a question of law reviewable by this Court. Sw. Airlines. A determination of whether an expert's opinion is equivocal must be based on that expert's testimony as a whole, not on a small portion taken out of context. Liveringhouse v. Workers' Comp. Appeal Bd. (ADECCO), 970 A.2d 508 (Pa. Cmwlth. 2009).

Here, Claimant agrees with Employer's Medical Expert that the crush injury to his right index finger and resulting amputation constituted his primary injury. Nothing in the record establishes an obvious causal connection between any ongoing disability and the tuft fractures to Claimant's third and fourth fingers.

Therefore, to the extent the WCJ required unequivocal medical evidence to support that alleged causal connection,[9] the requirement was not error.

The testimony of Employer's Medical Expert, in context, refuted rather than supported Claimant's averment of a separate disability:

> Q. Okay. And Doctor, these tuft fractures that you had mentioned on his other fingers, <u>separate from the amputation would those fractures cause any type of disability, time off work, work restrictions</u> at all?
>
> A. Not really. I mean, <u>if that's your only injury</u> and you're a laborer and you have tuft fractures of a finger or two I'll typically say, well, here's a little finger splint, <u>modified duty for, you know, a couple weeks</u>. But again, these typically heal uneventfully with, you know, <u>minimal downtime</u>.[10]
>
> Q. Based on your examination <u>had [Claimant] recovered from those</u> - -
>
> A. <u>Yes, yes.</u>
>
> Q. - - other fractures?
>
> A. Yes, <u>those are a nonissue</u>.

---

[9] The WCJ did not expressly impose such a requirement. <u>See</u> R.R. at 249 (twice observing that Claimant offered no expert testimony), 250 (Claimant did not refute the testimony of Employer's Medical Expert with any opposing medical evidence).

[10] It was also Claimant's burden to demonstrate, by unequivocal medical evidence, a disability arising from the tuft fractures lasting more than seven days, in order to establish a compensable disability. <u>See</u> <u>Watson v. Workers' Comp. Appeal Bd. (Special People in Ne.)</u>, 949 A.2d 949 (Pa. Cmwlth. 2008). The testimony of Employer's Medical Expert that the tuft fractures would typically require modified duty for a couple of weeks and minimal downtime did not meet Claimant's burden of proof on this issue.

R.R. at 189 (emphasis added). Thus, the testimony of Employer's Medical Expert demonstrated clearly and unequivocally that Claimant's tuft fractures, considered separately from the index finger crush injury and subsequent amputation, were insignificant and not disabling.

Claimant also insists that Employer's Medical Expert testified equivocally concerning any separate disability connected to the tuft fractures of his third and fourth fingers. We disagree. As set forth above, Employer's Medical Expert provided unequivocal testimony that there was no separate disability.[11]  Id.

### IV. Conclusion

For the above reasons, we discern no error or abuse of discretion in the WCJ's denial of Claimant's request for total indemnity benefits based on injuries separate from his specific loss. Therefore, we affirm the Board's order.

ROBERT SIMPSON, Judge

---

[11] Moreover, even if the opinion of Employer's Medical Expert were equivocal, Claimant's assertion of a separate disability would fail. Claimant had the burden of proving a separate disability. Crews v. Workers' Comp. Appeal Bd. (Ripkin), 767 A.2d 626 (Pa. Cmwlth. 2001). To the extent he relied on medical evidence to do so, that evidence had to be unequivocal. Taulton v. Workers' Comp. Appeal Bd. (USX Corp.), 713 A.2d 142 (Pa. Cmwlth. 1998). Therefore, pointing to an equivocation in the opinion of Employer's Medical Expert would not help Claimant to sustain his own burden. Cf. Taulton (claimant's argument that employer failed to produce unequivocal medical testimony in opposition to claim petition was unavailing, as it was claimant's burden to prove her claim, not employer's burden to disprove it).

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Leopoldo Parra Hernandez,      :
            Petitioner     :
                                  :
        v.                 :    No. 1016 C.D. 2018
                                  :
Workers' Compensation Appeal    :
Board (Kodak, LLC and Uninsured   :
Employers Guaranty Fund),       :
            Respondents   :

# **O R D E R**

**AND NOW**, this 1st day of March, 2019, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

 

_____
ROBERT SIMPSON, Judge
