IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Smith, : 
                    Petitioner : 
                                :   No.  17 C.D. 2020
                v. : 
                                  :   Submitted:  May 14, 2021
Workers' Compensation Appeal : 
Board (Advanced Drainage Systems), : 
                    Respondent : 

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge[1]
                  HONORABLE PATRICIA A. McCULLOUGH, Judge
                  HONORABLE CHRISTINE FIZZANO CANNON, Judge

## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED: April 14, 2022

          Christopher Smith (Claimant) petitions for review from an order of the Workers' Compensation Appeal Board (Board), dated December 30, 2019, that affirmed the order of a Workers' Compensation Judge (WCJ), dated December 17, 2018, denying his claim petition under the Workers' Compensation Act (Act).[2] Claimant maintains that he sustained a right shoulder injury while working for Advanced Drainage Systems (Employer).  Claimant asserts that the WCJ's decision to the contrary was not supported by substantial evidence, and the WCJ erred in his credibility determinations.  Upon review, we affirm.

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

[2] Act of June 2, 1915, P.L. 736, _as amended_, 77 P.S. §§1-1041.4; 2501-2710.

## I. Background

In October 2017, Claimant filed a Claim Petition alleging that he sustained a work injury to his right shoulder in the nature of a supraspinatus tendon tear on July 1, 2017, a couple weeks after starting his job with Employer as a downstream technician. Claimant reported he heard a pop in his shoulder when he was moving a large pipe and reported the injury to his supervisor. He continued working for the next several weeks. Claimant sought total disability benefits from August 16, 2017, his last day of work, and ongoing. Employer filed a timely answer denying the allegations. On October 18, 2017, Employer issued a Notice of Compensation Denial (NCD) denying that Claimant suffered an injury to his shoulder during the course and scope of employment.

The WCJ conducted a hearing where Claimant testified about his injury. Claimant testified he was in a car accident in 2003, in which he broke his right arm and shoulder, and wore a sling for his shoulder for six to eight months. WCJ Dec. 12/17/18, Finding of Fact (F.F.) No. 20 (C.R. #8.) Claimant suffered another injury to the same arm as a result of a motorcycle accident in 2009. Following the accident, Claimant continued receiving treatment for right shoulder pain from 2010 to 2017, including injections and medication (tramadol), as recently as two months before the alleged work incident. F.F. No. 26.

As to the incident, Claimant testified that he felt something pop when he attempted to push a 60-inch and 20-foot long pipe in alignment with the rollers. He felt pain on his left side, and subsequently in his right shoulder. Claimant continued working until August 2017, when he could no longer perform his work duties. Later, Claimant went to the emergency room to have his shoulder checked, and in early January 2018, underwent surgery for a torn tendon.

In support of the Claim Petition, Claimant also submitted the deposition testimony of Dr. Ryan Roza (Claimant's Medical Expert), who treated Claimant on September 11, 2017, and recommended surgery at that appointment. *See* Reproduced Record (R.R.) at Ex. 4. Claimant's Medical Expert opined that the right shoulder injury was acute and occurred within months of the visit. He noted Claimant's significant difference in function and that the magnet resonance image (MRI) showed reactive bone marrow. Claimant's Medical Expert explained it was unlikely that the shoulder tear was a result of the traffic accident based on the reactive bone marrow finding, which was consistent with a more recent injury. However, Claimant's Medical Expert acknowledged he examined Claimant once and that he did not review complete medical records or an independent medical examination (IME) report. Additionally, Claimant's Medical Expert "agreed that the mechanism of injury and the issue of causation were not the primary focus of his medical analysis, but rather, he focused more on treatment of the symptoms and findings." F.F. No. 38.

In defense, Employer submitted the deposition testimony of the physician who performed the IME of Claimant, Michael D. Wolk, M.D., (IME Physician) on December 18, 2017. *See id.* at Ex. 3. IME Physician noted that Claimant had a long history of right shoulder pain dating back to 2009. Based on his physical examination and review of Claimant's medical records, IME Physician opined that Claimant's right shoulder problems were preexisting, and were not related to the July 2017 work incident.

Ultimately, the WCJ denied the Claim Petition, determining that Claimant did not sustain a work-related injury. The WCJ noted that because Claimant had a history of ongoing right shoulder symptomology, the connection of

the alleged work incident in July 2017 to his right shoulder pain was not obvious. Thus, the WCJ needed to evaluate the medical evidence regarding causation.

Relevant here, the WCJ credited the testimony of IME Physician over that of Claimant's Medical Expert. Specifically, the WCJ found IME Physician's testimony credible that "any disability suffered by Claimant, from July 2017, and ongoing, related to the right shoulder, are not causally related to the incident at work described by Claimant when he felt a pop and sharp pain down the left side." F.F. No. 69. The WCJ rejected Claimant's Medical Expert's opinions to the contrary as not credible. *Id*. He explained his credibility determination as follows: "the explanations and expressions of opinion provided by [IME Physician] were internally consistent, logical and persuasive and were not materially affected during cross-examination; [he] had a more complete set of medical records . . . both prior to and after the alleged work injury . . . ." F.F. No. 70. He further noted that Claimant's Medical Expert acknowledged the "focus of his exam was diagnosis and treatment, not causation", *id*., and performed just the one physical examination.

Claimant appealed the WCJ's decision and order denying his Claim Petition. He argued the WCJ's finding that Claimant did not establish a work injury was not supported by the record. The Board affirmed the WCJ's decision and order.

Claimant petitions for review of the Board's order, which, after briefing, is ready for disposition.

## II. Analysis

On appeal,[3] Claimant asserts the WCJ's finding, that he did not sustain a work-related injury, was not supported by substantial evidence.

---

[3] Our review is limited to determining whether an error of law was committed, whether necessary findings of fact were supported by substantial evidence, and whether constitutional rights **(Footnote continued on next page…)**

4

Claimant bore the burden of proving all the elements necessary to support his Claim Petition. *Inglis House v. Workmen's Comp. Appeal Bd. (Reedy)*, 634 A.2d 592 (Pa. 1993). To establish his claim, Claimant had to prove that his right shoulder injury was causally related to his employment. *Cromie v. Workmen's Comp. Appeal Bd. (Anchor Hocking Corp.)*, 600 A.2d 677 (Pa. Cmwlth. 1991). When the causal relationship between the injury and the work incident is not obvious, unequivocal medical evidence is necessary to support it. *Cardyn v. Workmen's Comp. Appeal Bd. (Heppenstall)*, 534 A.2d 1389 (Pa. 1987).

The WCJ, as the ultimate fact-finder in workers' compensation cases, "has exclusive province over questions of credibility and evidentiary weight . . . ." *Anderson v. Workers' Comp. Appeal Bd. (Penn Ctr. for Rehab)*, 15 A.3d 944, 949 (Pa. Cmwlth. 2010). The WCJ's authority over questions of credibility, conflicting evidence and evidentiary weight is unquestioned. *Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating Inc.)*, 873 A.2d 25 (Pa. Cmwlth. 2005). The WCJ may accept or reject the testimony of any witness, including a medical witness, in whole or in part. *Id.* This Court is bound by the WCJ's credibility determinations. *A & J Builders, Inc. v. Workers' Comp. Appeal Bd. (Verdi)*, 78 A.3d 1233, 1238 (Pa. Cmwlth. 2013).

Medical evidence is competent when "[an] [expert's] opinion is sufficiently definite and unequivocal to render it admissible." *Pryor v. Workers' Comp. Appeal Bd. (Colin Serv. Sys.)*, 923 A.2d 1197, 1203 (Pa. Cmwlth. 2006). The competency of medical evidence is a legal conclusion reviewable on appeal. *Id.*

---

**(continued…)**

were violated. *Dep't of Transp. v. Workers' Comp. Appeal Bd. (Clippinger)*, 38 A.3d 1037 (Pa. Cmwlth. 2011).

A WCJ's acceptance of one medical expert's opinion over that of another cannot serve as a basis for reversible error. *Jenkins v. Workmen's Comp. Appeal Bd. (Woodville State Hosp.)*, 677 A.2d 1288 (Pa. Cmwlth. 1996). Indeed, a single medical expert's testimony is a reasonable basis upon which a WCJ may base a finding of fact despite conflicting evidence. *Bethenergy Mines, Inc. v. Workmen's Comp. Appeal Bd. (Skirpan)*, 572 A.2d 838 (Pa. Cmwlth. 1990).

Here, the WCJ made a series of findings that support his determination that Claimant did not sustain a work-related right shoulder injury in July 2017. Ultimately, the WCJ determined that Claimant did not submit sufficient medical testimony to support his Claim Petition, as there was no definitive medical evidence regarding causation or the mechanism of the alleged injury. F.F. Nos. 37-38. Regardless, the WCJ explained that where the medical evidence conflicted, he credited the testimony of IME Physician over that of Claimant's Medical Expert. F.F. No. 69.

Further, the WCJ explained the reasons he found Employer's IME Physician more credible than Claimant's Medical Expert. *See* F.F. Nos. 69-71. The WCJ reasoned that IME Physician and Claimant's Expert each saw Claimant for his alleged injury once. Significantly, when there were conflicts in the medical testimony, the WCJ accepted IME Physician's opinion that Claimant did not sustain a work injury because his right shoulder problems were preexisting.

Because Claimant did not establish the causal relationship between his alleged right shoulder injury in July 2017, and his ongoing disability, he did not prove the requisite elements for a compensable workers' compensation claim. Therefore, the WCJ and the Board did not err in denying the Claim Petition.

### III. Conclusion

For the foregoing reasons, we affirm the order of the Board affirming the decision and order of the WCJ denying the Claim Petition.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Christopher Smith,              :
               Petitioner     :
                          :  No. 17 C.D. 2020
            v.             :
                          :
Workers' Compensation Appeal     :
Board (Advanced Drainage Systems),   :
            Respondent   :

## ***ORDER***

AND NOW, this 14th day of April, 2022, the December 30, 2019 order of the Workers' Compensation Appeal Board is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge